Mr. Justice MILLER.
 

 This was an action of ejectment in the District Court of'the United States for the District of Wisconsin in which the defendants in error obtained a judgment against the plaintiff in error, for the possession of block 70, of the School Section of the City of Racine.
 

 The legal-title to this block was in David L. Barton, on-the 24th April, 1851, and on that day he made a mortgage deed conveying said block to Eloyd P. Baker, to secure the payment of a note for $1,400, due one year after date, and on the next day, the 24th of the saíne month, he conveyed it in fee to Clifford A. Baker.
 

 The plaintiffs on the trial exhibited a regular chain of title from Clifford A. Baker to themselves, and the defendant proved himself to be the owner and holder of the note, and mortgage above recited, and being yn possession of the block sued for, claimed the right to hold it until the debt was paid. It appears further by the bill.of exceptions, that plaintiffs traced their title through one Charles R. Dean, and testimony was given tending
 
 *577
 

 to
 
 show that Charles R. Dean was a fictitious person, who never . liad any real existence. The only other fact shown by the bill of exceptions, necessary to an understanding of the case, is the statement of Thomas S. Baker, that from the summer of 1853, until the spring of 1856, he held possession of the property under a lease from plaintiffs, and then surrendered it to the 'defendant, without the knowledge or consent of plaintiffs.
 

 The defendant on the trial excepted to the three propositions ■ following, contained in the charge of the Court to the jury
 

 1. “ If the defendant procured the possession and occupies it in _ pursuance of an arrangement, in the spring of 1856,-with T. S. Baker, without the consent of the mortgagor, or of these plaintiffs, then he is not lawfully in possession.”
 

 . 2. “If the testimony of Clifford A. Baker is believed, tbe deed” (to Charles R. Dean) “passed the title from him.” ■ ■
 

 3. “The legal title, in the opinion of the Court, on the face ■ of the deeds, is in the plaintiffs.”
 

 In examining the questions arising on these exceptions, it will be convenient to take up first, the one last mentioned. It is the province of the Court in trials by jury to construe instruments of writing and determine their legal effect, and if it was apparent that on the face of the deeds, — the legal title was in plaintiffs, it , was not only the right of the Court, but its duty to so instruct the jury. Is it true, then, that the deeds read in evidence ' showed .the title in plaintiffs ?
 

 ' The plaintiff in error maintains, that by the mortgage deed pf D. L. Barton, of July 23d, 1851, the-legal title passed to Floyd P: Baker, and that by the deed made July 24th, to Clifford, A. Baker, nothing passed but the equity of redemption; and -'if he is correct in this the instruction was error:
 

 Numerous authorities from English and American decisions are cited by counsel on both sides in reference to this point, but in the view which we take of the matter they become of little value, except those of the Wisconsin Court. These deeds were both made in Wisconsin, in reference to land lying in that State, and in their construction, must be governed by its laws. The Revised Statutes of Wisconsin, chap. 141, sec. 28, enact.
 
 *578
 
 that “ no action of ejectment shall hereafter be brought by a mortgagee, or his assigns, or representatives, for the recovery of the possession' of the mortgage premises, until the equity of redemption shall have expired.” Chap. 154, sec. 11, provides, that "in every case the mortgagor may retain full possession in trust for the mortgagee or purchaser of all premises mortgaged by him,
 
 until the title shall absolutely vest
 
 in the purchaser of such, mortgaged premises, according to the provisions of this chapter.”
 

 The Supreme Court of Wisconsin, in the case of
 
 Wood and Moon
 
 vs.
 
 Trask,
 
 (7 Wis. R., 512), speaking of these provisions, and perhaps others in
 
 y>ari materia,
 
 says: " Our statute has essentially changed the rule of the common law, in relation to the position of the fee of the mortgaged premises, after condition broken. The fee does not vest upon default of the mortgagor, in the mortgagee, or his assignee. The fee only vests upon sale and foreclosure.” In
 
 Tallman
 
 vs.
 
 Ely,
 
 (6 Wis. R., 257), the same Court says: “ Our statute provides that the mortgagee shall not bring his action of ejectment before foreclosing the equity of redemption; sec. 53, chap. 106, or in other words he must com píete his title, before he shall be permitted to recover at law upon the strength of it,”
 

 These expositions of the statutes of Wisconsin are to be followed by the Federal Courts as rules of construction, and from them it results that the legal title did not pass to Floyd P. Baker by the mortgage deed of July 23d, but did pass to Clifford A. Baker by the deed in fee made the day after.
 

 The instruction was- therefore correct.
 

 The next error alleged is based upon that part of - the Court’s charge embraced in the following sentence : " If the defendant procured the possession, and occupies it in pursuance of an arrangement in the spring of 1856, with T. S. Baker, without the consent of the mortgagor or of these plaintiffs, then he is not lawfully in possession.” The truth of this proposition would seem to be a necessary corollary from the one just discussed. Indeed it would seem to be a clearer deduction from the statutes cited, than that' made by the Supreme Court of Wisconsin, in
 
 *579
 
 reference to tbe position of tbe fee; for if tbe mortgagee has no right to recover the possession by legal proceedings, it would seem that he should not be permitted in any other manner to obtain that possession against the consent of the mortgagee, or the person holding under himi We are, however, referred by counsel for plaintiff in error .to the cases of
 
 Gillett
 
 vs.
 
 Eaton,
 
 (6 Wis. R., 30), and
 
 Tallman
 
 vs.
 
 Ely,
 
 (Wis., 257), as establishing a contrary doctrine. A-careful examination of these cases does not sustain the proposition in favor of which they are cited, to an extent which will conflict with the instruction of the Court under consideration.
 

 It is true, that in both of these cases, it is held that the mort gagee
 
 lawfully in possession
 
 cannot be turned' out by ejectment brought by the mortgagor. In both the cases, the decision turned upon the fact that the mortgagees
 
 were
 
 lawfully in possession, and in both it is evident that the defendants originally entered with the consent of the mortgagor, either express or implied.
 

 The language used in the.second of thé cases cited, namely,
 
 Tallman
 
 vs.
 
 Ely,
 
 a part of which has already been quoted in regard to the position of the fee, shows very clearly the distinc- • tion which was in the mind of the Court as to the
 
 lawfulness
 
 of the mortgagee’s possession. The Court says:
 
 “
 
 Our statute provides that the mortgagee shall not bring his action of ejectment before foreclosing the equity of redemption, sec. 53, chap. 106, or in other words, he must complete his title before he shall be permitted to recover at law upon the strength of it. Still, if he
 
 is lawfully
 
 in possession after condition broken, he will not be turned out until his debt is paid.”
 

 This leaves still undecided the question as to what is lawful possession, and we concur with the District Court, that if the defendant in this case, although he may have been the holder of the mortgage and the debt secured by it, obtained the possession of the block in controversy, by an arrangement with the tenant of the plaintiffs, after said lease had expired, and without their consent, he was not lawfully in possession.
 

 The remaining exception is to the charge of the Court, “that
 
 *580
 
 if the testimony of Clifford A. Baker is believed,' the deed” (to Charles-R. Dean) “passed the title from him” (Baker). In that part of the charge which immediately precedes the words objected to, the -Court says: “ The deed of Clifford A. Baker to Charles R. Deán is alleged to be fraudulently executed by Eloyd P. Baker in the name of Clifford A. Baker. That he used Clifford’s name without authority, and that Charles R. Dean was a fictitious ' person. The evidence of Botsford shows these facts
 
 prima facie.'”
 

 It is manifest that if Charles R.. Dean was a fictitious person, plaintiffs had no title, for they claimed under a deed from him. It is equally clear, that if the testimony of Botsford showed that fact
 
 pnma facie,
 
 the testimony of any witness who proved the existence of Dean as a real person was very important, and required careful scrutiny; and the comments of the Judge on any such witness, or his evidence, should have been given with great caution, and should have left to the jury all that properly belonged to it. But we are unable to see from anything in this record that the Court exceeded its functions in the charge. It was' certainly proper that it should call attention to Baker’s testimony, as it had done to that of Botsford. Baker may have testified to facts, which if true, or if believed by the jury, made it so clear that the title passed from-him to Dean, as to justify the Court in saying so. And. if he did so testify, we cannot say that the conclusion thus stated by the Court, leaving as it did the right to believe or disbelieve the witness to the jury, was error.
 

 It .is true that this Court does not see anything in-that part of Baker’s testimony embodied in the bill of exceptions which justifies such an inference. But the hill of exceptions does not purport to give all that he said, and according to a well-known rule, this Court, under such a condition of the record, is bound to presume that there was that in Baker’s testimony which justified the instruction. What purports to be the entire deposition of Baker is sent up by the Clerk of the District Court, and is printed in the record before us, and if properly before us might sustain the exception. But this deposition is not incorporated into, .the bill of exceptions, nor so referred to in it as to be made
 
 *581
 
 a part of the record of the case. It is only a useless encumbrance of the transcript, and an expense to the litigating parties. Clerks who certify transcripts to this Court should know what does properly constitute the record they are to send up, as it is a matter which has been often decided, and which may be readily learned with a little attention.
 

 The judgment of the District Court is therefore affirmed.