## W. D. CLEVELAND & CO. v. JNO. F. CARR ET AL.

### Decided February 15, 1897.

1. **Supreme Court—Certified Question.**

The Supreme Court has no authority to direct or control the Court of Civil Appeals in making a statement or formulating the questions presented by certificate. They can only examine the questions to determine whether they are so formulated as to give the court jurisdiction; and, if so, answer them. (P. 395.)

2. **Same.**

Under Rev. Stats., art. 1043, the certification of a question is not authorized unless "there should arise an issue of law" in a "case pending before the Court of Civil Appeals," and the law then requires the very question to be decided by the Court of Civil Appeals to be certified, and directs that the cause shall be finally adjudicated in the Court of Civil Appeals "in accordance with the decision of the Supreme Court upon the issue submitted." Railway v. Belcher, 88 Texas, 549, followed. (P. 396.)

3. **Same—Material Facts Not Settled.**

Where the question certified shows that the Court of Civil Appeals has failed to make findings of fact upon important features of the case, on which the evidence is in conflict, and a decision of the disputed fact material in deciding the question of law presented, the Supreme Court will not decide the question, but will dismiss the certificate. See certified question held to present such a case. (Pp. 396, 397.)

4. **Same—Hypothetical Question.**

The Supreme Court is not authorized to answer hypothetical or abstract legal questions,—as, what the law would be if the facts were found in a certain way,—but only material questions predicated upon facts found by the Court of Civil Appeals. (P. 397.)

QUESTIONS CERTIFIED from Court of Civil Appeals, First District, in an appeal from Polk County.

*Hill & Hill*, for appellants.

*McComb & Cooper* and *Adams & Campbell*, for appellees.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for First Supreme Judicial District has certified to this court the following statement and questions:

"The appellee, Jno. F. Carr, having arranged to form a partnership in mercantile business with D. S. Chandler, applied to Brown Bros. and Co. for a loan of $10,000 to be used as his capital in the concern, such loan to be secured by mortgage of his lands. Brown Bros. and Co. declined to make the loan upon the lands alone, requiring the endorsement, or guaranty, of Cleveland and Co. and Halff and Neubouer Bros., and the two latter agreed with Brown Bros. and Chandler, who was assisting Carr in negotiating the loan, to guarantee the notes. The notes executed for the loan were signed by Jno. F. Carr, by Chandler and Carr as a firm, and by D. S. Chandler, the last named as surety; and Cleveland and Co. and Halff and Neubouer Bros., by a separate instrument, agreed, as guarantors, to pay any balance remaining unpaid after a sale of the lands mortgaged to secure them, if the makers of the notes failed

to pay them at maturity, and Carr and his wife executed deeds of trust on land in several counties to secure the notes. It is claimed by Carr that he did not know of or consent to the guaranty, until after the money had been obtained and used by Cleveland, as stated below, when he was informed of it and raised no objection. At the same time the notes and mortgage were signed by Carr, in Polk County, an order, signed by him, or by Chandler and Carr, was executed in favor of Cleveland and Co. on Brown Bros. and Co., authorizing the latter to pay the money to the former, which was done. Cleveland and Co. knew the money was obtained for Carr and the purpose for which it was done. Chandler had previously carried on a mercantile business and was indebted to Cleveland and Co. and Halff and Neubouer. It is claimed by Cleveland and Co. that the guaranty was executed upon an agreement with Chandler, representing Carr as his agent, that the money, when obtained, should be applied to the extinguishment of this indebtedness. As to the fact of this agreement with Chandler, and as to the latter's authority to represent Carr in making it, if he did so, the evidence is in conflict.

"Cleveland and Co. received the money from Brown Bros. and never paid it over to Carr or to the firm of Chandler and Carr, but applied it to the payment of the indebtedness of Chandler to the two firms.

"There were three notes given to Brown Bros. & Co., two for $3000 each and one for $4000. The money having become due and being unpaid, Brown Bros. caused the lands situated in one of the counties, included in the deed of trust, to be sold by the trustee, and they were purchased by Cleveland and Co. for $7500. An endorsement of satisfaction was made by the holders upon the $4000 note and a credit was entered upon one of the others. Cleveland and Co. then paid to Brown Bros. and Co. the balance due on the notes and they were all delivered to Cleveland and Co., Brown Bros. and Co. executing to them a written transfer of the two $3000 notes and the deeds of trust. Cleveland and Co. afterwards caused the lands in another county to be sold by the trustee for $750. Lands embraced in the deed of trust in still another county remained unsold. The sales are conceded to be void because of non-compliance with the terms of the power of sale.

"Carr brought this suit, seeking to recover the lands because of the invalidity of the sale, and also to have the notes and deed of trust cancelled because of Cleveland and Co.'s conduct in securing and appropriating the borrowed money and of other alleged fraudulent conduct; and, in the alternative, to recover the money appropriated by Cleveland and Co., as before stated. Cleveland and Co. contested their liability for the money and also pleaded limitation and, in reconvention, claimed to be the holders of the notes, and, admitting the sales to be void, sought judgment for the amount due on the notes and an enforcement of the lien on the land. In the court below, Carr was allowed to recover the $10,000, with legal interest from the date of its conversion, and Cleveland and Co. recovered for the amount due on the notes to Brown Bros. and Co., including interest at the agreed rate (nine per cent.) and an attorney's fee

stipulated in the notes to be paid in case the "holder" should have to sue or go into court "in respect hereof or the property securing" them; and, the amount thus found due them exceeding that found for Carr, judgment was rendered in favor of Cleveland and Co. for the excess.

"The questions presented for the decision of the Supreme Court are:

"First:  Under the facts stated as to the manner in which Cleveland and Co. acquired the notes and mortgage from Brown Bros. and Co., are they to be treated as assignees thereof, entitled to recover whatever Brown Bros. and Co. could have recovered of Carr, or do their rights rest wholly upon the doctrine of subrogation, entitling them to recover, if anything, the sum paid by them with legal interest secured by the lien on the land?

"Second:  If it were found, upon a contested issue, that Cleveland and Co. applied the $10,000 without authority from Carr, and that a cause of action accrued to the latter for such conversion, which is barred by the statute of limitation, would it be proper for the court, by the application of the maxim that 'he who seeks equity must do equity' or other principle, to require them to account for the money thus appropriated before a remedy is given them for the money paid by them upon the notes.  Is the right to recover for conversion of the money so connected with the cause of action asserted by Cleveland and Co. as to make such a principle applicable, and if so, should the court, for the purpose of applying such a principle, after a sufficient time had elapsed to bar a right of action for the conversion, undertake to determine, upon disputed facts, the question whether or not Cleveland and Co. became liable for the appropriation of the money?

"Third:  If the second question and its subdivisions are answered negatively, would the additional fact, if established, that Cleveland and Co. for the preconceived purpose of getting into their hands Carr's money and applying it to Chandler's debts, without Carr's knowledge or consent, agreed with Chandler and Brown Bros. and Co., without Carr's knowledge, to sign the guaranty with this understanding, and with this purpose, carried out the transaction as stated, affect the question, and how?"

The appellants W. D. Cleveland and Company filed in this court a motion asking that the Court of Civil Appeals be required to amend and enlarge its statement of the facts which accompanies the questions certified.  The motion is overruled because we have no authority to direct or control that court in the manner of making a statement or formulating the questions presented.  When questions are certified we will examine them and determine whether they are so presented as to give this court jurisdiction, and if found so to be, to make the answers, otherwise to decline.

If the appellants had moved the court to dismiss the questions for want of a compliance with the law, the matter contained in the motion, so far as it is sustained by the statement certified, would have received consideration, but as to those matters contained in the motion which

are not apparent from the statement made, this court could not consider them.

The authority for the Supreme Court to answer questions certified to it by the Courts of Civil Appeals is contained in the following article of the Revised Statutes:

"Article 1043: Whenever in any case pending before the Court of Civil Appeals there should arise an issue of law which said court should deem it advisable to present to the Supreme Court for adjudication, it shall be the duty of the presiding judge of said court to certify the very question to be decided by the Supreme Court, and during the pendency of the decision by the Supreme Court the cause in which the issue is raised shall be retained for final adjudication in accordance with the decision of the Supreme Court upon the issue submitted."

In the case of Railway v. Belcher, 88 Texas, 549, this court construed the above article, and said: "It will be observed that the certification is not authorized, unless 'there should arise an issue of law' in a 'case pending before the Court of Civil Appeals;' and then the law requires 'the very question to be decided by the Court of Civil Appeals to be certified, and directs that the cause shall be finally adjudicated in the Court of Civil Appeals in accordance with the decision of the Supreme Court 'upon the issue submitted.' This statute does not authorize this court to pass upon any question certified, unless it arises in a case pending before the Court of Civil Appeals. It is evident that the two supposed states of facts upon which the respective questions are based can not coexist, and that therefore one or the other of the 'issues of law' presented does not 'arise in a case pending before the Court of Civil Appeals.' We can not determine which of the issues of law does and which does not arise in the case, for we cannot determine which state of facts will be found by the court from the record. Where it appears affirmatively from the certificate that we are called upon to answer two questions, one of which does not arise in the case, and we can not determine which does so arise, we think it would be an unwarranted assumption of jurisdiction for us to answer either, and therefore we refrain from answering the second two questions certified."

To certify the very question to be decided by the Supreme Court means that the Court of Civil Appeals must formulate and state the question of law which arises upon the very facts of the case and to enable this court to determine such a question the Court of Civil Appeals must make findings of fact upon each issue that is to be affected by the question or questions presented by the certificate.

The first question certified in this case is predicated upon all the facts contained in the statement bearing upon that question, and when we look to them we find that the Court of Civil Appeals has failed to make findings of fact upon some important features of the case; for instance, the court in its statement says: "It is claimed by Carr that he did not know of or consent to the guaranty, until after the money had been obtained and used by Cleveland, as stated below, when he was informed

of it and raised no objection." We must presume that Carr's knowledge of the fact of guaranty by Cleveland and Co. is material to the determination of the question presented, else the Court of Civil Appeals would not have embraced it in the statement. If that knowledge is material, then the court should have found whether he did or did not know of the fact of guaranty instead of stating what he claimed with reference thereto.

Again, the Court of Civil Appeals certifies as follows: "Chandler had previously carried on a mercantile business and was indebted to Cleveland and Co. and Halff and Neubouer. It is claimed by Cleveland and Co. that the guaranty was executed upon an agreement with Chandler, representing Carr as his agent, that the money, when obtained, should be applied to the extinguishment of this indebtedness. As to the fact of this agreement with Chandler and as to the latter's authority to represent Carr in making it, if he did so, the evidence is in conflict." It is evident that the question presented by the last statement, whether Chandler by the authority of Carr made the agreement claimed by Cleveland and Co. as to the application of the money, is a most material fact in deciding the first question presented. The Court of Civil Appeals has not decided the question of fact upon which the evidence was in conflict and we cannot do so. To answer the question we must assume some one phase of the case as established; for example, we must assume that Carr knew or did not know that Cleveland and Co. had given the guaranty before we can apply the law so far as it would be applicable to that state of the case and we must also assume that Chandler, by the authority of Carr, made the agreement with Cleveland and Co. as to the application of the money, or that Chandler made the agreement with Cleveland without the authority of Carr, or that he did not make the agreement at all. It is apparent that the law would be different as applied to the different phases of the facts stated. If Cleveland and Co., by authority of Carr, applied the money to the payment of Chandler's debt, then one principle of law would apply in determining the question as between them; if, however, Cleveland and Co., having possession of the money which they knew belonged to Carr, applied it without his consent or knowledge to the payment of their debt and the debt of the other firm against Chandler, a different principle of law would be applicable.

If we should assume that Cleveland and Co. had the authority of Carr to make the application of his money in their hands that they did make of it and give our opinion upon that view of the case, and it should turn out that the Court of Civil Appeals shall hereafter decide, upon the facts, that Cleveland and Co. did not have Carr's authority to so apply his money, then that court would be called upon to follow the mandate of article 1043 and enter judgment in accordance with the opinion of this court as if such authority from Carr did exist, when in fact it did not; or to disregard the requirements of the Statute and the opinion of this court and enter its judgment in accordance with the law as applicable to the real facts of the case.

The second question is hypothetical and presents the same difficulties. The question calls upon this court to answer what the law would be if the facts "were found" to be as stated. This we are not authorized to do, but we must answer what the law is upon the facts as found to exist in the very case and as presented to us by the Court of Civil Appeals.

This court is not authorized to answer abstract questions of law, but the purpose of the Statute was that the Court of Civil Appeals might refer to the Supreme Court the decision of a given issue, material to the determination of the case, upon a question or questions predicated upon facts found by that court, and that such decision should control that court in entering its judgment so far as affected by the issue presented and decided by the Supreme Court.

For the reasons stated we cannot answer any of the questions presented in this case, and the certificate is therefore dismissed.

.          *Certified questions dismissed.*