FELIX MANN ET AL. V. DUBLIN COTTON-OIL COMPANY.

No. 632.—Decided April 18, 1898.

**1. Certified Questions—Whole Case.**

The Supreme Court will not answer certified questions where it is manifest from an examination of the statement and questions presented that the whole case has been certified for its decision. (P. 617.)

**2. Same—Statement of Issues.**

When questions propounded cannot be answered without a knowledge of the issues presented by the pleadings the Court of Civil Appeals must state such issues, not refer for them to the pleadings, which are not before the Supreme Court. (P. 617.)

**3. Same—Hypothetical Questions.**

Certified questions cannot be predicated upon hypothetical statements of fact, but must be questions of law arising upon the record, the certificate presenting the very question so arising, which is not done where the statement implies that either phase of the facts may be true. (P. 617.)

QUESTIONS CERTIFIED from Court of Civil Appeals for Third District, in an appeal from Brown County.

BROWN, ASSOCIATE JUSTICE.—We must decline to answer the questions certified by the Honorable Court of Civil Appeals for Third Supreme Judicial District in the above case, for the following reasons:

First.—It is manifest from an examination of the statement and questions presented that the whole case has been certified to this court for its decision, which we have held cannot be done. Kelly-Goodfellow Shoe Co. v. Insurance Company, 87 Texas, 112.

Second.—Some of the questions propounded cannot be answered without a knowledge of the issues presented by the pleadings. The Court of Civil Appeals has not stated what issues the pleadings present, but referred this court to the record for such issues, and we have not the record.

Third—A number of the questions are predicated upon hypothetical statements of the facts, and it may be that upon final determination of the case the Court of Civil Appeals may find the facts different from that embraced in the statement. The statute authorizes the Court of Civil Appeals to certify questions of law, but requires that the very question which is presented by the record to that court shall be certified. This is not done where the statement of the question implies that either the one phase or another of the facts may be true, but the question certified must be the question of law which arises upon the record as it is presented to that court. Belcher v. Railway Company, 88 Texas, 549.

Because the certificate presented in this case does not comply with the requirements of the statute, and does not present the questions in such form as to be definitely answered and upon which answers judgment might be certainly entered in that court, the certificate will be dismissed.

*Certificate dismissed.*