### ARMISTEAD *v.* BISHOP.

### Opinion delivered November 17, 1913.

1. HOMESTEAD—MORTGAGE—RIGHT TO POSSESSION.—The heir of the mortgagor of the homestead is entitled to the possession thereof, until foreclosure or until the mortgagee sought possession in order to subject the rents and profits to the payment of the mortgage debts. (Page 175.)

2. MORTGAGES—MORTGAGEE IN POSSESSION—DUTY TO ACCOUNT FOR RENTS.—A first mortgagee who rents the mortgaged premises from the administrator and heir of the deceased mortgagor, and occupied the premises solely as tenant, and accounted to his landlord for the rents, will not be held to be a mortgagee in possession, nor chargeable with the rents as a credit on his mortgage debt. (Page 175.)

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Allen Hughes,* for appellant.

A mortgagee in possession must account for rents, not only to the mortgagor, but also to judgment-creditors

and subsequent mortgagees.   27 Cyc. 1252; 42 N. J. Eq.
297, 10 Atl. 880; 20 Conn. 427; 75 Ia. 368; 25 Atl. 512;
41 N. J. Eq. 311; 7 B. Mon. (Ky.) 66; 49 Ark. 508; 3
Pomeroy's Eq., § 121.

By statute, appellant's claim having been allowed
and entered in the probate court, it has the same force
and effect as a judgment.   Kirby's Dig., § 125.   And ap-
pellant is such a creditor as can compel an accounting.

*A. B. Shafer,* for appellee.

Since the land was a homestead, the minor heir alone
had the right to the rents and profits until she reach her
majority, and they were not subject to the debts of the
estate.   Kirby's Dig., § § 3882, 3883; 29 Ark. 633-636; 37
Ark. 316; 61 Ark. 26.

McCulloch, C. J.   Appellee, G. R. Bishop, instituted
this action in the chancery court of St. Francis County
to foreclose a mortgage or deed of trust on lands in that
county executed by one William Civils, to secure a debt
in the sum of $900, evidenced by note payable five years
after date, with interest.

The mortgagor, Civils, died, unmarried and intes-
tate, a short time after the execution of the mortgage,
leaving his daughter, Pearl Civils, as his only heir at law,
she being a minor at that time.   An administrator, was
appointed, and the administrator, and heir were both
joined as defendants in this suit.

Appellant is mortgagee under a junior mortgage, and
was made a party to the suit at his own request.

The original defendants made no defense in the ac-
tion, and the controversy is entirely between the two
mortgagees.

The case was tried upon an agreed statement of
facts, from which it appears that shortly after the death
of Civils, the mortgagor, appellee entered into possession
of the lands by express agreement with the administra-
tor that he was to occupy and cultivate the same as ten-
ant, and pay a certain stipulated rent.   For the first two
years of this tenancy appellee was to pay one-half of the
stipulated rent to the administrator, and the other half

was to be credited on the mortgage debt, which was done. For the next two years, which completed the term of his tenancy and ran up to the time of the commencement of this suit, he was to pay a stipulated rent, all of which was paid to the administrator and to Pearl Civils, the heir.

The controversy between the two mortgagees arose over the application of the rents, it being contended on behalf of appellant as junior mortgagee, that appellee should be treated as a mortgagee in possession and held accountable for the rental value of the lands during the years he occupied the same, except as to the amount paid by him to Pearl Civils, the heir of the mortgagor.

It is admitted that the lands constituted the homestead of the mortgagor, William Civils. Therefore the administrator was not entitled to possession. The heir was entitled to possession until foreclosure, or until one of the mortgagees sought possession for the purpose of subjecting the rents and profits to the payment of his mortgage debt.

It may be conceded, for the purposes of this case, without deciding it, however, that a junior mortgagee, where the mortgagor is insolvent and the mortgaged property is insufficient to pay off both debts, can hold the senior mortgagee in possession accountable for the rents and profits received by the latter. The cases cited on the brief seem to sustain that view.

It is, however, essential, before there is an accountability as mortgagee in possession, that the possession must be taken under and by reason of the mortgage, or under such circumstances as would justify a court in treating the possession as being under the mortgage.

In speaking on this subject, Professor Pomeroy said:

"In order, however, that these special rights and liabilities may arise from his possession, it must be a possession taken and held by him as mortgagee." 3 Pomeroy's Equity Jurisprudence, § 1215.

The Supreme Court of Alabama, in an opinion by Chief Justice Brickell, stated the law on that subject as follows:

"It is only when the mortgagee is in possession *as* mortgagee, taking the rents and profits, that he may be required to account for them, or for waste, on a bill to redeem or to foreclose.  A court of equity can not, in either suit, and those are the only suits which can be maintained between them, call the mortgagee to account for trespasses he may have committed, or because of his possession as the tenant of the mortgagor." *Daniel* v. *Coker,* 70 Ala. 260.

The same rule is stated by Judge Mitchell in delivering the opinion of the Supreme Court of Minnesota in the case of *Rogers* v. *Benton,* 39 Minn. 39, as follows:

"The only logical rule is that, to constitute 'a mortgagee in possession,' the mortgagee must be in possession by reason of the agreement or assent of the mortgagor, or his assigns, that he have the possession under the mortgage and because of it."

Now, in the present case, the undisputed evidence establishes the fact that appellee was not in possession as mortgagee, nor by reason of his mortgage, but as tenant of the administrator, and that this tenancy was created in good faith, and not for the purpose of avoiding accountability for the rents.

The question of right of possession as between the administrator and the heir did not arise, though it appears that a part, at least, of the rent was paid over to the heir.  The heir was, as before stated, entitled to all the rents until one of the mortgagees asserted the right to foreclose or to take possession for the purpose of subjecting the rents and profits to the payment of the mortgage debts.  The fact that all the rent was not paid to the heir is of no concern to appellant as junior mortgagee.  He could, at any time, have instituted proceedings to foreclose his mortgage, and, perhaps, have insisted on the senior mortgagee while in possession accounting for the rents and profits received.  In this way the possession of appellee could have been changed from that as tenant to mortgagee in possession.  But, as long as the latter occupied the premises solely as tenant of

the administrator or heir, and accounted to his landlord for the rents, he is not chargeable with the same as a credit on his mortgage debt. The case stands the same as if the mortgagor was still alive, and had rented the mortgaged premises to appellee. Under those circumstances, it would scarcely be contended that appellee, after having paid the rents to the mortgagor, according to the terms of his contract, would be accountable to a junior mortgagee for the amounts so paid.

In the present case, the heir succeeded by inheritance to the rights of the deceased mortgagor, and so far as the junior mortgagee is concerned, it is unimportant whether the rents were actually paid to her or to the administrator.

We are of the opinion, therefore, that the decree of the chancellor was correct, and the same is affirmed.