## WILLIAMS *v.* WALLACE.

### Opinion delivered February 23, 1914.

1. APPEAL AND ERROR—FAILURE TO BRING UP TESTIMONY.—Where a cause was tried upon oral testimony, the Supreme Court will not review the rulings of the lower court, where the testimony is not brought into the record by bill of exceptions, or otherwise. (Page 509.)

2. APPEAL AND ERROR—FAILURE TO ABSTRACT PLEADINGS.—Where the pleadings have not been abstracted, the sufficiency of the allegations therein, can not be passed upon, on appeal. (Page 510.)

3. MORTGAGES—MORTGAGEE IN POSSESSION—RENTS AND PROFITS.—The liability of a mortgagee for rents and profits, depends upon whether or not he took possession and held the property as mortgagee. (Page 510.)

Appeal from Pope Chancery Court; *Hugh Basham,* Special Chancellor; affirmed.

*R. W. Holland,* for appellant.

*J. G. Wallace, pro se.*

McCULLOCH, C. J. The record in this case, as abstracted, is not sufficient to warrant us in reviewing the rulings of the lower court.

This is an action instituted by appellant to foreclose a mortgage on real estate executed by one Hayes. Appellant is a junior lienor, there being a prior mortgage to a building and loan association. Appellee Wallace intervened and claimed a lien by subrogation, having been security for the debt to the building and loan association and paid a portion, or all, of it.

The case was tried upon oral testimony, which was not brought upon the record by bill of exceptions or otherwise. The record shows an agreement, filed long after the decree was rendered, whereby the attorneys in the case stipulated that the oral evidence adduced by appellant "tended to sustain his complaint" and that the evidence introduced by appellee Wallace "tended to sustain the allegations of his cross-complaint or intervention." That stipulation is insufficient to bring the evidence upon the record and enable us to determine whether the case was properly decided.

It is insisted, however, that the statements of the pleadings, even if sustained by proof, are insufficient to warrant the findings.

The pleadings are not abstracted, and we therefore have no opportunity to pass upon the sufficiency of the allegations. It appears, from the statements in the abstract, that the court sustained the allegations of the cross-complaint and made a finding in favor of appellee Wallace to the effect that he was entitled to subrogation for amount paid to the building and loan association, and, furthermore, that he was not liable as mortgagee in possession for the rents received.

The correctness of the court's finding is assailed on two points, one that there was error in not charging appellee Wallace with the rents received, and the other was in allowing too much interest.

Liability of appellee Wallace for rents and profits depended upon the question of fact whether or not he took possession and held the property as mortgagee. *Armistead* v. *Bishop*, 110 Ark. 172, 161 S. W. 182.

We must assume, with the oral testimony omitted from the record, that it was sufficient to warrant the court's findings.

Affirmed.