OTTO RAMIN V. YOUPHROSENE COSIO ET AL.

No. 6321. Decided February 27, 1935.
(79 S. W., 2d Series, 617.)

*King, Wood & Morrow,* of Houston, for appellant.

*Edgar Soule* and *Lewis Fisher,* of Houston, for appellees.

MR. JUDGE SMEDLEY of the Commission of Appeals delivered the opinion for the court.

The Court of Civil Appeals at Galveston, after affirming a judgment for damages in favor of appellees against appellant, and before passing upon a motion for rehearing, has certified to the Supreme Court a single question. As shown by the certificate, appellee Miss Cosio and her father sued appellant Ramin for damages on account of injuries suffered by Miss Cosio in a collision on a public highway between an automobile driven by Ramin's son and another automobile. The jury in answer to special issues found negligence in several particulars on the part of young Ramin, that such negligence proximately caused the collision and the injury to Miss Cosio, and that Miss Cosio was not guilty of contributory negligence.

The certificate sets out the special issues which were submitted in the form of questions to be answered "Yes" or "No" as the jury found the facts to be. Immediately preceding these issues there appeared in the charge the following instructions:

"This case will be submitted to you upon special issues the answers to which you will make as you may find and believe the facts to be from a preponderance of the evidence, by which is meant the greater weight of the credible testimony.

\*　　\*　　\*　　\*　　\*

" 'Proximate cause,' as that term is used in these instructions, means a cause which immediately precedes and directly produces the injuries, if any, complained of, and without which the injuries would not have happened, and which injuries ought reasonbly to have been anticipated as the natural and probable consequence of such cause.

"There may be more than one proximate cause."

The remainder of the certificate is as follows:

"In appellant's motion he first contends that the court in giving to the jury the first paragraph of the instructions above quoted committed reversible error, in that there was no attempt to instruct the jury where the burden of proof lay upon the various issues submitted, except the instruction mentioned, and that such instruction does not as a fact instruct the jury upon the burden of proof at all.

"Appellant in his motion also contends that the court committed reversible error in giving to the jury the instruction on 'proximate cause,' which we have above quoted, insisting that such instruction gave to the jury no test or guide as to who should have anticipated injury from the negligent act, and that such instruction upon anticipation is not based upon the exercise of ordinary care or upon what a reasonably prudent person might have anticipated under the circumstances.

"The undisputed facts show that young Ramin, the driver of the Ford car, passed to his left from behind a car in front of him with the intent to pass it; that as he turned to the left he saw the Marmon car approaching, going in an opposite direction. Ramin testified that he saw the approaching Marmon car, which he said was approaching at a rate of speed of from 50 to 60 miles per hour.

"The undisputed evidence shows that at the time the driver of the Ford car passed the car in front of him he was travelling at 40 to 50 miles per hour, and that after he saw the Marmon car approaching from an opposite direction on its right side of the highway, he, the driver of the Ford car, did not reduce his speed, and that when the Marmon car was but a short distance from him he turned his car further to the left directly

in the path of the Marmon car, and the collision between the two cars took place.

"The undisputed evidence also shows that as the driver of the Ford car turned to the left from behind the car in front of him, the Marmon car was from 300 to 600 feet from him.

"Appellant, at page 5 of his motion, in effect admits that if it can be held that the driver of the Ford car was guilty of negligence as a matter of law, and that such negligence was, as a matter of law, a proximate cause of the minor plaintiff's injury, and that as a matter of law the minor plaintiff was free of contributory negligence, then the errors complained of would not be cause for a reversal of the judgment.

"In view of the contention of appellant, as above stated, we submit to your Honors the following question:

"Under the facts shown, was the giving of both or either of the instructions complained of, though technically erroneous, cause for a reversal of the judgment?"

■ The certificate fails to present for decision such question of law as is contemplated by the statute. It is to be observed that the question asked is not whether the charge was erroneous in failing to instruct or in improperly instructing on the burden of proof, or in defining proximate cause; but it is whether the giving of the instructions, "though technically erroneous," was under the facts shown in the certificate cause for reversal. This court cannot pass upon the primary question as to the correctness of the charge since it has jurisdiction only to answer the question certified. Darnell v. Lyon, 85 Texas, 455, 22 S. W., 304, 906; Goldstein v. Union National Bank, 109 Texas, 555, 213 S. W., 584.

■ If by the use of the words, "though technically erroneous," the Court of Civil Appeals means to reverse for future decision the question whether the instructions complained of were erroneous, then the certificate presents a hypothetical or an abstract question or one in such form that the answer would not be decisive and conclusive of an issue of law in the case. The statute does not permit the certification of such questions and if they are certified the Supreme Court has no authority to answer them. Cleveland & Co. v. Carr, 90 Texas, 393, 38 S. W., 1123; Roy v. Whitaker, 92 Texas, 346, 48 S. W., 892, 49 S. W., 367; Evans v. Daniel, 94 Texas, 281, 60 S. W., 309; County Democratic Executive Committee of Bexar County v. Booker, 122 Texas, 89, 52 S. W. (2d) 908; Owens v. Tedford, 114 Texas, 390, 269 S. W., 418; Mann v. Dublin Cotton-Oil Company, 91 Texas, 617, 45 S. W., 373.

But even if the certificate means that the Court of Civil Appeals has determined that the instructions were erroneous, or if it is to be assumed that they were, still the certificate does not present a question of law that may be answered, because the Court of Civil Appeals does not find or set out in the certificate facts essential for answering the question. "The jurisdiction of the Supreme Court does not extend to fact questions * * * whether invoked by certificate questions or application for writ of error." Anderson, Clayton & Company v. State of Texas, 122 Texas, 530, 62 S. W. (2d) 107. Certified questions may be answered only in the light of the certified facts. Employers Liability Assurance Corporation v. Young County Lumber Co., 122 Texas, 647, 64 S. W. (2d) 339. It is the province of the Court of Civil Appeals to make and to incorporate in its certificate the essential findings of fact to serve as the basis for the answer to the question of law certified. Cleveland & Co. v. Carr, 90 Texas, 393, 38 S. W., 1123; Evans v. Daniel, 94 Texas, 281, 60 S. W., 309; Brown v. Johnson, 117 Texas, 199, 299 S. W., 862.

The certificate as above quoted details a number of facts and states that they are shown by the undisputed evidence. All of those relate to the conduct of young Ramin in driving the car. There is no statement in the certificate that the undisputed evidence shows that negligence of Ramin proximately caused the collision and no statement that the undisputed evidence shows that Miss Cosio was not guilty of contributory negligence. The certificate probably says in effect that the evidence is such as to establish negligence on the part of Ramin as a matter of law, but it does not say that the evidence establishes as a matter of law that his negligence proximately caused the collision or that Miss Cosio was free of contributory negligence. The instruction to answer the questions according to the preponderance of the evidence applied to all of the issues, including those relating to proximate cause and contributory negligence, and of course the definition of proximate cause was given to guide the jury in answering the questions as to proximate cause.

Without findings of fact by the Court of Civil Appeals as to the effect of the evidence bearing upon those issues, the question whether the giving of the instructions, if erroneous, is cause for reversal cannot be answered.

The certificate is dismissed.

Opinion adopted by the Supreme Court February 27, 1935.