CHARLES ROBINSON v. NORMAN H. SMITH.

No. 7265. Decided May 17, 1939.
Rehearing overruled June 21, 1939.
(128 S. W., 2d Series, 27.)

*Sleeper, Boynton & Kendall* and *John B. McNamara,* all of Waco, for appellant.

*Albert C. Johnston,* of Waco, for appellee.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The suit is by appellee Smith against appellant Robinson to recover rents for the use of improved real estate in the City of Waco. Robinson by answer and cross action denied liability for rent, alleged his ownership of a note in the principal sum of $8500.00 secured by lien against the property, pleaded that he was lawfully in possession of the property as mortgagee and asserted the right by reason of such debt and possession to liquidate or extinguish Smith's claim for rent by applying it as a credit on the debt secured by. the lien. He prayed for judgment foreclosing his lien in satisfaction of the balance due on the note after deducting rents for the use and occupancy of the property. The district court, after trial before a jury, rendered judgment in favor of Smith against Robinson for

$4725.00 as the reasonable rental value of the property, and in favor of Robinson establishing the amount of his debt secured by lien and foreclosing the lien but denying to Robinson the right to offset Smith's judgment for rents against the debt secured by the lien.

The Court of Civil Appeals affirmed the trial court's judgment but pending motion for rehearing certified to this court the following question: "Assuming that Robinson owned the note and lien in question during the time that he occupied the property, were we correct in holding that Robinson was not entitled to apply Smith's claim for rent as a credit on Robinson's lien indebtedness and thereby defeat Smith's right to a personal judgment against Robinson for such rents?"

■ The statement of facts accompanies the certificate, but the certified question may be answered only in the light of the certified facts. Goldstein v. Union National Bank, 109 Texas 555, 213 S. W. 584; Employers' Liability Assurance Corporation v. Young County Lumber Company, 122 Texas 647, 64 S. W. (2d) 339; Ramin v. Cosio, 124 Texas 471, 79 S. W. (2d) 617. The answer to the certified question will be based on the facts set out in the opinion of the Court of Civil Appeals accompanying the certificate, as the certificate makes the statement of facts contained in the opinion a part of the certificate. Such facts are in substance as follows:

The property, subject to a prior outstanding lien securing a debt in the sum of $18,000.00, was conveyed in the year 1926 by one Linton to appellee Smith, a vendor's lien being retained to secure three additional notes in the total sum of $8500.00, which notes were made payable to Trippett and Boggess, it being recited that they had advanced purchase money in the amount of the notes. In 1927 Trippett and Boggess assigned and transferred the notes, with all liens securing the same and all their right, title and interest in the property, to Mrs. B. J. Huttner. During the same year appellee Smith renewed the indebtedness by executing a new note to Mrs. Huttner in the sum of $8500.00, due in five years and secured the note by deed of trust on the property. This deed of trust contained no provision conferring upon the holder of the debt secured thereby the right to take possession of the property or to impound the rents therefrom in the event of default.

In March, 1933, Smith was adjudged a voluntary bankrupt and surrendered possession of the property to the trustee in bankruptcy, claiming it, however, as exempt to him as a business homestead. The stock of merchandise formerly belonging

to Smith and situated in the building was sold by the trustee in bankruptcy to appellant Robinson who, with the consent of the trustee in bankruptcy, entered into possession of the property on April 20, 1933. Smith was employed by Robinson as a clerk in the store for about four weeks. On May 31, 1933, the property, that is, the lot and the building, was set aside to Smith in the bankruptcy proceedings as a business homestead and on the same day Smith notified Robinson that if he remained in possession of the property he would be expected to pay rent thereon at the rate of $200.00 per month. Smith later received his discharge in bankruptcy.

Robinson remained in possession of the property up to the time of the trial of this case in November, 1935, a period of thirty-one and a half months, without paying any rent. The property will not sell for enough to pay Robinson's debt and the prior outstanding lien thereon. We consider also as a part of the facts certified the assumption made by the Court of Civil Appeals in the certified question that Robinson owned the note and the lien during the time that he occupied the property.

■ It is correctly held in the opinion of the Court of Civil Appeals, written by Associate Justice Alexander, "that the ordinary relation of mutual creditors does not exist between Robinson and Smith and that Robinson is not entitled to offset his liability to Smith for rents against any personal liability of Smith for the unpaid purchase price of the building merely because such supposed relationship, for Smith received his discharge in bankruptcy and was thereby relieved of all personal liability for the payment of said debt." Appellant Robinson takes the position, however, that by reason of his ownership of the note secured by lien and his possession of the property at the time of the institution of the suit, he was a mortgagee lawfully in possession and entitled to enforce the equitable right of such mortgagee to retain possession of the property until the debt is paid by offsetting the obligation to Smith for the use of the property against the amount of the debt secured by the mortgage. In a written argument filed herein by appellant the statement is made that the question certified is, in effect, whether Robinson was at the time this suit was filed a mortgagee lawfully in possession entitled to retain possession against Smith until the indebtedness against the property was paid off.

■ The decisions in this State as to who is a "mortgagee lawfully in possession," to whom equity gives the right to retain

possession until the debt is paid, were reviewed at length in Jasper State Bank v. Braswell, 130 Texas 549, 111 S. W. (2d) 1079, 115 A. L. R. 329, and these conclusions were drawn therefrom: first, that a mortgagee who is in possession with the express or implied consent of the mortgagor is a mortgagee lawfully in possession, and second, that "a mortgagee who has purchased the land at foreclosure sale, irregular or void as to the mortgagor (or as to one having title under the mortgagor), and who has taken possession under and in reliance upon such foreclosure and purchase, may retain possession against the suit of the mortgagor, or one holding under him, until his debt is paid," and thus is a mortgagee lawfully in possession within the equitable rule. In that case, the Jasper State Bank case, it was held that the mortgagee fell within the second of the two classes above mentioned, having purchased the property in a foreclosure proceeding which, although invalid as to the interests of Mrs. Braswell, purported and was intended to affect the entire interest in the property, and having taken and retained possession under such purchase, believing in good faith that it had acquired full title. The instant case comes within neither of the two classes, that is, Robinson did not acquire or retain possession as mortgagee with the consent of Smith and he did not take possession under a foreclosure sale.

Reference is made in the opinion in the Jasper State Bank case to decisions of the Kansas court announcing a more liberal rule and appearing, from general language used in the opinions, to extend the equitable right to all mortgagees who have acquired possession peaceably and lawfully. Careful examination of the decisions of the Kansas court shows that the general language used is explained and qualified by the opinions in which it appears, so that the cases do not hold without qualification that all mortgagees who have acquired possession without the use of fraud or force may retain possession until their debts are paid.

In Stouffer v. Harlan, 68 Kansas 135, 74 Pac. 610, 64 L. R. A. 320, 104 Am. St. Rep. 396, the mortgagee went into possession under color of a foreclosure proceeding which was in fact defective but was believed by him to be valid. The court affirmed the judgment of the trial court which precluded the mortgagor from recovering the property without paying the mortgage debt. The decision made in the case did not extend the rule beyond that adopted by the courts of this State. The opinion, however, in undertaking to interpret the meaning of the expression, frequently used, that the entry must be lawful, states the conclusion that the true rule is that the mortgagee

in possession may not be dispossessed without payment of the mortgage debt "unless his possession was acquired under such circumstances that he ought not, in equity, to be permitted to retain it."

A later decision by the same court, Jagger v. Plunkett 81 Kansas 565, 106 Pac. 280, 25 L. R. A. (N. S.) 935, 937, cites Stouffer v. Harlan as authority for this statement of the rule: "It is not essential to the status of a mortgagee in possession that possession should have been taken under the mortgage nor with the consent of the mortgagor. It is enough if the possession be peaceably and legally acquired." The quoted words, however, after citation of cases, are thus explained or qualified: "To be legal, the possession must have been taken in good faith, free from deceit, fraud, or wrong, and without violation of any contract relation with the mortgagor. If possession is taken under a lease from the mortgagor, the mortgagee could not silently continue such possession and rely on a claim as mortgagee in possession, as that would be hostile to and inconsistent with the relative legal rights of the parties. That was the result of the decision in Morford v. Wells, 68 Kan. 122, 74 Pac. 615. There one who acquired possession as a tenant claimed the right of a mortgagee in possession, although he did not take or assert such possession after denying his landlord's title. Good faith with the lessor required a surrender of the possession acquired under the lease before asserting a hostile and inconsistent right."

■ We conclude that for compliance with the more liberal rule of the Kansas decisions (generally stated to be that it is enough if the possession be peaceably and lawfully acquired), it is not sufficient that possession be taken without force or fraud, but that it must have been acquired under such circumstances that the mortgagee ought, in equity, to be permitted to retain it, and further that under the rule as explained and qualified by those decisions a mortgagee is not entitled in equity to the rights of a mortgagee lawfully in possession when the assertion of such rights is in violation of or inconsistent with a contract or contractual relation with the mortgagor.

The Kansas court was unwilling to hold, and we would not hold, that in every case in which the mortgagee has taken possession without a breach of the peace and without fraud he is to be given the status of a mortgagee lawfully in possession, regardless of other circumstances or other relation existing between the parties at the time of the entry. Such rule

would be objectionable as being too general and as having too much of the rigidity of a common law rule, and because under it, as suggested in Barson v. Mulligan, 191 N. Y. 306, 84 N. E. 75, 16 L. R. A. (N. S.) 151, the right of possession would be largely determined by mere fleetness of foot.

There is conflict in the decisions with respect to the question whether the entry of the mortgagee, to give him the rights of a mortgagee in possession, must be made under the mortgage or whether entry under some other right or claim will suffice. Jagger v. Plunkett, supra; Barson v. Mulligan, supra; and Note, 16 L. R. A. (N. S.) pp. 151-153; Rogers v. Benton, 39 Minn. 39, 38 N. W. 765, 12 Am. St. Rep. 613; Harrington v. Feddersen, 208 Iowa 564, 226 N. W. 110, 66 A. L. R. 59; 3 Pomeroy's Equity Jurisprudence (4th Ed.) p. 2911, Sec. 1215; 41 C. J. pp. 612-613, Sec. 580.

Pomeroy, in the part of the text cited, thus states the rule:

"In order, however, that these special rights or liabilities may arise from his possession, it must be a possession taken and held by him as mortgagee." The same principle is announced in Corpus Juris, as above cited, in the following language: "The term 'mortgagee in possession' is applied to one who has lawfully acquired actual possession of the premises mortgaged to him, standing upon his rights as mortgagee and *not claiming under another title,* for the purpose of enforcing his security upon such property or making its income help to pay his debt." (Our italics) Both Pomeroy's statement and the text of Corpus Juris are well supported by authorities and it appears that they are in accord with the weight of authority. In this connection it is to be observed that a mortgagee who, as in Jasper State Bank v. Braswell, 130 Texas 549, 111 S. W. (2d) 1079, 115 A. L. R. 329, takes possession as purchaser under a foreclosure sale, irregular or void as to the mortgagor, has entered and is claiming under the mortgage. In view of the facts certified, however, and the conclusion hereinafter expressed as to the relation of the parties shown by these facts, we need not determine in this case whether it is always essential that the possession be taken under the mortgage and not in virtue of some other asserted right.

■ That portion of the opinion in Jagger v. Plunkett above quoted as explaining or qualifying the phrase "legal possession" recognizes and adopts the well settled rule that when there exists between the mortgagor and mortgagee the relation of landlord and tenant, the tenant may not continue in possession

and constitute or declare himself to be a mortgagee lawfully in possession and thus obtain for himself the value of the use of the property by applying it to the mortgage debt. Barson v. Mulligan, 191 N. Y. 306, 84 N. E. 75, 16 L. R. A. (N. S.) 151; Witschger v. J. K. Marvin & Co., Inc., 255 App. Div. 70, 5 N. Y. S. (2d) 910; Russell v. Ely, 2 Black 575, 17 L. Ed. 258; Newall v. Wright, 3 Mass, 138, 3 Am. Dec. 98; Armistead v. Bishop, 110 Ark. 172, 161 S. W. 182, 183.

■■ As said by Associate Justice Boyce in Werts' Heirs v. Vick, 203 S. W. 63, 64, "It is the law, familiar to all, that the possession of the tenant is the possession of the landlord." The relation of landlord and tenant exacts from the tenant the acknowledgement that his possession is the possession of the landlord and that the value of the use of the property belongs to the landlord. To claim the right to credit the rents upon the mortgage debt is to assert a right hostile to and inconsistent with the rights of the landlord. Good faith with the lessor would require the surrender of the possession under the lease before asserting such hostile and inconsistent right. Plunkett v. Jagger, supra. If not the actual surrender of the possession, good faith would at least require that the lessee give notice to the lessor of his repudiation of the tenancy in order to afford opportunity to the lessor to accept or reject a changed status. Occupancy as tenant gives no rights as mortgagee in possession. Property cannot be held in both capacities, for they are inconsistent, and one who has entered as tenant cannot at his pleasure or at his election, and without obtaining the consent of the owner, change the relation from landlord and tenant to mortgagor and mortgagee lawfully in possession. Barson v. Mulligan, 191 N. Y. 306, 84 N. E. 75, 16 L. R. A. (N. S.) 151, 156, 157.

The certified facts, in our opinion, unmistakably show that Robinson occupied the premises in the capacity of tenant after they were surrendered by the trustee in bankruptcy to Smith. Pending the determination of the question whether the property was exempt as a business homestead, the trustee in bankruptcy was in control of the property. He permitted Robinson to use it for the operation of the business after Robinson's purchase of the stock of merchandise. During that period Robinson was the trustee's tenant. No change in the nature of the use or occupancy of the property was made after the trustee surrendered it to Smith. Robinson merely held over. If Smith gave his consent to Robinson's continued occupancy it was conditioned upon the continuance of the tenancy, for he im-

mediately notified Robinson that if he remained in possession he would be expected to pay rent. There is nothing in the statement of the facts contained in the opinion of the Court of Civil Appeals indicating that there was any positive repudiation of the tenancy by Robinson or any notice given by Robinson to Smith that he would no longer hold as tenant but in another capacity.

The facts as to the nature of the occupancy are very similar to the facts in West Lumber Company v. Sanders, 225 S. W. 828, in which application for writ of error was refused. In that case the land owned by West Lumber Company was in the possession of Kent as tenant at will. Kent sold to Placker certain improvements owned by Kent and situated on the premises and Placker took possession of the land and used it as Kent had used it. Sanders acquired possession under Placker. The court held that the law fixed the status of those succeeding Kent as that of tenant at will and that their possession was not adverse to the owner of the land in the absence of notice to him of their intention to claim the land adversely. So in the instant case the status of Robinson after control of the property was surrendered by the trustee to Smith continued to be that of tenant.

■ The correctness of the conclusion, that under the facts certified the relation between Smith and Robinson during the latter's possession of the property and subsequent to the trustee's control was one of landlord and tenant, is made more certain by Robinson's pleadings. In his first supplemental answer Robinson expressly and unqualifiedly alleged that since the time when the property was set aside as exempt to Smith he, Robinson, has occupied the property as the tenant of Smith. This allegation contained in the transcript we are permitted to consider in answering the certified question. Watkins v. Minter, 107 Texas 428, 180 S. W. 227; Employers' Liability Assurance Corporation v. Young County Lumber Company, 122 Texas 647, 64 S. W. (2d) 339.

For the reasons stated and on the authority of the decisions above cited and discussed, it is our opinion that Robinson was not at the time this suit was filed a mortgagee lawfully in possession entitled to maintain possession against Smith until the indebtedness against the property was paid.

■ The argument is made in behalf of appellant Robinson that in equity he should have the benefit of the value of the use of the property because the debt which he held, secured by lien, represented money advanced to enable Smith to purchase the

property and because Smith's equity in the property is of no value. The same argument would be appropriate in every instance where the value of the mortgaged property is less than the amount of the secured debt. In this State the mortgagee is not the owner of the land and, in the absence of an agreement that he shall have possession, is not entitled to possession. Carroll v. Edmondson (Com. App.) 41 S. W. (2d) 64; Loving v. Milliken, 59 Texas 423; Mann v. Falcon, 25 Texas 271. It follows that neither the right of possession nor the value of the use can be adjudged to the mortgagee merely because the amount of the debt exceeds the value of the property. As is pointed out in the opinion of the Court of Civil Appeals, with citation of Wood v. Fetzer, 19 S. W. (2d) 1113 (application for writ of error refused), Robinson made no attempt to impound the rents through receivership proceedings, as authorized by Article 2293 of the Revised Civil Statutes, in order to subject them to the payment of his debt.

We answer the certified question as follows: Under the state of facts set out in the opinion of the Court of Civil Appeals and assuming that Robinson owned the note and lien in question during the time that he occupied the property, the Court of Civil Appeals was correct in holding that Robinson was not entitled to apply Smith's claim for rent as a credit on Robinson's lien indebtedness and thereby defeat Smith's right to a personal judgment against Robinson for such rents.

Opinion adopted by the Supreme Court May 17, 1939.

Rehearing overruled June 21, 1939.