MOREHEAD v. NIVEN.

5-95                                    257 S. W. 2d 361

Opinion delivered May 4, 1953.

*A. D. Chavis,* for appellant.

*Coleman, Gantt & Ramsay,* for appellee.

ED. F. McFADDIN, Justice. The question is whether the complaint stated a cause of action.

Some time prior to 1929, John Morehead, Sr. and Patsy Morehead, his wife, as owners of 160 acres in Jefferson County, mortgaged the land to Mosaic Templars, to secure a debt of $5,500, evidenced by a series of notes. In 1929, Mosaic Templars foreclosed the mortgage, and H. T. Perry purchased the land for $5,800. Thereupon, John Morehead, Sr. and Patsy Morehead, either voluntarily removed from the land or were evicted. Perry sold the land to D. B. and J. D. Niven in 1930; and in 1941, D. B. Niven conveyed all his interest to J. D. Niven, who has been in complete possession ever since.

On October 26, 1951, the appellants, as the heirs of John Morehead, Sr. and Patsy Morehead, filed this present suit against J. D. Niven as sole defendant, alleging the facts as aforesaid, and also claiming: (a) that the Mosaic Templars foreclosed before the last note of the series was due; (b) that the Mosaic Templars practiced fraud in obtaining a decree for an excessive amount; (c) that in the decree of foreclosure in the Mosaic Templars suit, the Court retained jurisdiction ". . . for such further orders as may be proper to enforce the rights of the parties . . ."; and (d) some of the children of John Morehead, Sr. died before the foreclosure suit. On the foregoing allegations, the plaintiffs prayed that the Chancery Court now set aside the entire Mosaic Templar foreclosure suit; that J. D. Niven be required to account for all revenues on the lands from 1941 to date; that the plaintiffs be permitted to redeem the lands; and for all other relief.

To the complaint, J. D. Niven filed a demurrer, which was sustained. When the plaintiffs refused to plead further, the complaint was dismissed; and the plaintiffs have appealed. There are many reasons why the Court was correct in sustaining the demurrer; and we briefly mention only a few:

(1) The Mosaic Templar foreclosure suit was completed in 1930, when Perry obtained the Commissioner's

Deed. John Morehead, Sr. and his wife, Patsy, were living at that time, and it is not claimed that they were under any disability of any kind. All of the claimed defects in the Mosaic foreclosure decree were matters intrinsic to that proceeding, and were matters that should have been presented there, else they were lost. *Hendrickson* v. *Farmers Bank*, 189 Ark. 423, 73 S. W. 2d 725; *Parker* v. *Sims*, 185 Ark. 1111, 51 S. W. 2d 517; *Alexander* v. *Alexander*, 217 Ark. 230, 229 S. W. 2d 234.

(2) There are no allegations in the present complaint sufficient to make any part of the ''mortgagee in possession'' doctrine apply in this case. Perry (Niven's grantor) took possession under a Commissioner's Deed, and not as mortgagee. See *Williams* v. *Wallace*, 111 Ark. 509, 164 S. W. 301; and see *Security Bank* v. *Davis*, 215 Ark. 874, 224 S. W. 2d 25. Furthermore, the provision in the Mosaic Templar decree, as to retaining of jurisdiction, did not mean anything other than that the parties might go into that suit for further relief within apt time. The present suit is an independent proceeding.

(3) Perry conveyed to the Niven in 1930; and the complaint specifically states that J. D. Niven has been in possession of the lands, claiming as exclusive owner of same, ever since 1941. Section 37-108 Ark. Stats. says:

''All actions against the purchaser, his heirs or assigns, for the recovery of . . . lands sold at judicial sales shall be brought within five (5) years after the date of such sale, and not thereafter; . . .''

Thus limitation is a complete bar to the plaintiffs' complaint; and when limitation appears on the face of the complaint—as it does in this case—the defense may be raised by demurrer. See *Cullins* v. *Webb*, 207 Ark. 407, 180 S. W. 2d 835; and *Wheeler* v. *The Southwestern Greyhound Lines*, 207 Ark. 601, 182 S. W. 2d 214.

The decree is affirmed.