**Mrs. Ursula G. LUSK (Guardian of the Estate of Charles Michael Lusk, Jr., Incompetent), Appellant,**

v.

**Sylvia MINTZ, Appellee.**

**No. B2773.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 3, 1981.

B. Joe Thomson, Thomson & Elkins, Houston, for appellant.

Leonard B. Rosenberg, Thomas H. Lee, Foreman & Dyess, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a summary judgment granting appellee title to and possession of an 18.953 acre tract of land in Harris County.

On September 21, 1972 appellee conveyed the land to Charles M. Lusk, Jr., reserving an express vendor's lien to secure the purchase money note. The deed was duly recorded. On March 21, 1977, upon Lusk's bankruptcy, appellee and Lusk entered into a new agreement. The agreement recited the execution of the prior note by Lusk, the default, a renewal and the extension of the obligation.

After this agreement, Lusk was declared incompetent, and Ursula Lusk was appointed guardian (hereafter Charles Lusk, Jr. will be referred to as Lusk and the estate and guardian, Ursula Lusk, will be referred to collectively as appellant). The first payment under the new agreement was due on March 21, 1978. No payments were ever made. Notice of default was given. This suit was brought on June 21, 1979, and a motion for summary judgment was granted on March 11, 1981.

Appellant alleges that appellee's claim is barred by limitations. Appellant asserted the same theory and facts upon which this appeal is based in his motion in opposition to summary judgment.

On July 21, 1978 appellee filed an authenticated secured claim against the guardianship and requested that the claim be allowed and approved as a preferred debt and lien against the land. On August 25, 1978, more than thirty (30) days after the secured claim was filed, counsel for the guardianship allowed the secured claim. Under §§ 309 and 310 of the Probate Code, Tex. Rev.Civ.Stat.Ann. (Vernon 1980), this claim was rejected by operation of law. Appellee later filed a first amended secured claim which added a request for interest and attorney fees to the first claim. The guardian allowed a portion of this claim but the Probate Court refused to act on the amended claim because the original claim had been rejected by operation of law.

Section 313 of the Probate Code requires filing suit within ninety (90) days after a claim is rejected or the claim is barred. More than ninety days elapsed prior to filing this suit. Appellant, therefore, alleges that appellee's suit is based on the same matters made the basis of the claim and is barred.

■ To be entitled to a summary judgment, the movant has the burden of establishing that there is no material fact issue and that he is entitled to judgment as a matter of law. *Town North National Bank v. Broaddus*, 569 S.W.2d 489 (Tex.1978). Appellee's suit was in the form of trespass to try title.

■ The threshold question before us is who has the superior legal title. It has long been established that where an express vendor's lien is retained to secure unpaid purchase money, superior legal title remains in the vendor until the purchase money is paid. The language in the deed from appellee to Lusk read:

It is expressly agreed and stipulated that a Vendor's Lien, as well as the superior legal title in and to the above described premises, is retained against the above described property, premises and improvements until the above described note, and all interest thereon, is fully paid according to its face, tenor, effect and reading, when this Deed shall become absolute.

This language is sufficient to reserve superior legal title in the vendor and thus the deed will be treated as an executory contract. *State v. Forest Lawn Lot Owners Ass'n*, 152 Tex. 41, 254 S.W.2d 87 (1953); *Zapata v. Torres*, 464 S.W.2d 226 (Tex.Civ. App.–Dallas 1971, no writ); See Norvell, *The Vendor's Lien and Reservation of the Paramount Legal Title—The Rights of Vendors, Vendees, and Subvendees*, 44 Texas L.Rev. 22 (1965).

■ With an express vendor's lien, the vendor has his choice of remedies upon the vendee's default. He may sue for his money and foreclose his lien; he may rescind the contract and take possession; or he may sue

to recover title and possession. *Zapata v. Torres, supra*; Norvell, *supra* at 25–26; *Cooper v. Booker*, 406 S.W.2d 783 (Tex.Civ. App.—Houston 1966, no writ). In *Bunn v. City of Laredo*, 245 S.W. 426 at 429 (Tex. Comm'n App. 1922, judgmt adopted) the court said:

> It has been the uniform holding of our courts from the earliest times that, however absolute may be the terms of such conveyance, the contract of sale is treated as executory between the vendor and vendee and those holding under them until the purchase money is fully satisfied; and that, in addition to all other remedies to enforce payment of the purchase money, the vendor has the *alternative* remedy, so long as the purchase money is not paid, to rescind the contract of sale and recover the land upon the strength of his superior title as an unsatisfied vendor. This remedy to rescind and resort to the superior legal title has uniformly been held to be *separate and distinct from and wholly independent* of the remedy to subject the land to the payment of the purchase money by sale under foreclosure. (emphasis added)

Appellant argues that because appellee elected to pursue a claim under the Probate Code on the debt, appellee cannot now pursue a claim based upon legal title. Woodward and Smith in their work on *Probate and Decedents' Estates* state:

> While a creditor must bring suit on a money claim within 90 days after its rejection or otherwise have it barred, the rule is inapplicable to a claim that was not required to be presented in first instance. *No consequence attaches to failure to promptly institute suit on a rejected claim that was unnecessarily presented.* (emphasis added)

18 Woodward and Smith, Probate and Decedents' Estates § 903 (Texas Practice 1971). *See Hume v. Perry*, 136 S.W. 594 (Tex.Civ.App.1911, writ dism'd). Unnecessary presentation and rejection of a claim that is not required to be presented in the first place does not invoke the limitation provisions of § 313 of the Probate Code.

The claims provisions of the code seemed to contemplate only liquidated money claims (298) (314). Therefore, claims for unliquidated amounts, for injunctive relief, or for *title to or possession of property* need not be presented to the representative and rejected as a prerequisite to the filing of a suit against the estate. (emphasis added)

Furse, *Claims Practice in Probate Matters*, 34 Tex.B.J. 667 (1971); *Curran v. Texas Land & Mortgage Co.*, 24 Tex.Civ.App. 499, 60 S.W. 466 (1900, writ refused). Since appellee's claim is based on superior legal title, it is not one that is required to be presented and rejected before it can be enforced.

Appellant agrees that these are correct statements but argues that the appellee's superior legal title was extinguished and cannot be enforced when the underlying debt is barred. We disagree.

Appellee's remedy of recission became effective upon default and could be defeated by the estate's paying the note or showing facts which would make recission inequitable. There is no inequity in recission here. Lusk made no payments on the principal of the note and the appellant has not paid or offered to pay any. Appellee's unsuccessful attempt to collect the purchase money will not defeat the vendor's recovery of the land. The appellant cannot defeat the trespass to try title action by pleading limitation upon the note and still claim the land under an executory contract with which he has not complied. *State v. Forest Lawn Lot Owners Ass'n., supra; Curran v. Texas Land & Mortgage, supra; McPherson v. Johnson*, 69 Tex. 484, 6 S.W. 798 (1888).

The appellees having established their superior legal title as a matter of law and appellants having failed to show the existence of any material fact issue, the court properly granted summary judgment.

Judgment is affirmed.