Deanna DOMINEY, Individually and as Administrator of the Estate of Donald J. Dominey, Appellant,

v.

THE UNKNOWN HEIRS AND LEGAL REPRESENTATIVES OF Linda LOKOMSKI and Kenneth Lokomski, Deceased and Rick Runge, Appellees.

No. 2–04–058–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 4, 2005.

---

Bill E. Burdock, Saginaw, for Appellant.

E. Glenn Gidel, Fort Worth, for Appellees.

Panel A: CAYCE, C.J.; LIVINGSTON and McCOY, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

This case involves the attempted foreclosure of a vendor's lien on real property. After a bench trial, the trial court awarded title of the property to appellees, the unknown heirs and legal representatives of Linda and Kenneth Lokomski, deceased, and Rick Runge; found that the holder of the vendor's lien—Deanna Dominey, individually and as administrator of the estate of Donald J. Dominey—wrongfully possessed the property; and awarded appellees $30,500 plus court costs. In three issues, appellant contends that the trial court committed reversible error in awarding possession of the property to the appellees free and clear of any liens even though appellant was a mortgagee in possession, in finding that the suit was barred by the four-year statute of limitations, and

in finding that appellant and her deceased husband, Donald J. Dominey, wrongfully deprived appellees of the property. We affirm.

## Factual Background

In 1987, Stelleta Weir sold a home to Linda and Kenneth Lokomski for cash and a $23,000 promissory note. The note was secured by a deed of trust and express vendor's lien retained in the deed. Linda moved to a nursing home in 1993, and Kenneth died in November 1996. In November 1996, the City of Lake Worth scheduled the home for demolition due to its poor condition. The Domineys heard about the scheduled demolition at a city council meeting, drove by the house, and estimated how much it would cost to make the necessary repairs. They then obtained a document entitled Transfer of Lien from Weir, which purported to transfer Weir's vendor's and deed of trust liens on the property to them.

The Domineys took possession of the property to make the repairs. On December 16, 1996, they filed a warranty deed in the Tarrant County property records purporting to rescind the contract between themselves as holders of the vendor's lien and the Lokomskis as the vendees. The Domineys spent $12,000 repairing the home. They then entered into an executory contract with Daniel Wilson for the sale of the home. In anticipation of transferring title to Wilson, appellant[1] received the results of a title search, which showed that title was still vested in the Lokomskis or their heirs.[2]

Appellant then filed this action to foreclose on the liens. After a bench trial, the

1. Donald died before this suit was filed.

2. Linda died March 1, 2001.

trial court found, among other things, that title to the property was vested in appellees free and clear of any liens, that the deed of trust and vendor's liens were barred by limitations, and that the Domineys had wrongfully taken possession of the property in 1996, entitling appellees to damages for the wrongful possession.

## Analysis

■ Because the resolution of this case turns upon whether the Domineys lawfully took possession of the property in December 1996, we will address those issues first. In her third issue, appellant contends that the evidence does not support the trial court's finding that the Domineys took possession of the property without the consent of Linda or Kenneth's heirs because appellant's evidence shows that their consent was not necessary. She also challenges the trial court's conclusion that the Domineys committed a trespass[3] to, and interfered with the owners' right to possession of, the property when they took possession of it.

## Standard of Review

■ Findings of fact entered in a case tried to the court have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex.1991). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996); *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994).

3. "Trespass to real property occurs when a person enters another's land without consent." *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 833 (Tex.App.-Dallas 2000, no pet.).

■ Appellant's issue complains generally that the evidence does not support the trial court's findings. Thus, construing her brief liberally, as we must, we will review the trial court's findings for both legal and factual sufficiency. *See* Tex. R.App. P. 38.9; *Interstate Apartment Enters., L.C. v. Wichita Appraisal Dist.,* 164 S.W.3d 448, 453 n. 3 (Tex.App.-Fort Worth 2005, no pet.).

■ A "no evidence" issue may be sustained only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez,* 977 S.W.2d 328, 334 (Tex.1998), *cert. denied,* 526 U.S. 1040, 119 S.Ct. 1336, 143 L.Ed.2d 500 (1999). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996); *Leitch v. Hornsby,* 935 S.W.2d 114, 118 (Tex.1996). More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact. *Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co.,* 77 S.W.3d 253, 262 (Tex.2002).

Appellant argues in her third point that she was entitled to take possession of the property under the deed of trust lien, the vendor's lien, or both. Thus, she appears to be arguing that the evidence at trial conclusively establishes the opposite of a vital fact.

In determining appellant's "no evidence" issue, we are to consider the evidence in the light favorable to the verdict, crediting favorable evidence if a reasonable fact finder could and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 819, 48 Tex. Sup.Ct. J. 848, 863, 2005 WL 1366509, at *14 (Tex. June 10, 2005). The ultimate question we must answer is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id.*

■ An assertion that the evidence is factually insufficient to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). We are required to consider all of the evidence in the case in making this determination, not just the evidence that supports the finding. *Mar. Overseas Corp. v. Ellis,* 971 S.W.2d 402, 406–07 (Tex.), *cert. denied,* 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998).

■ Conclusions of law may not be challenged for factual sufficiency, but they may be reviewed to determine their correctness based upon the facts. *Rogers v. City of Fort Worth,* 89 S.W.3d 265, 277 (Tex.App.-Fort Worth 2002, no pet.).

### Discussion

The evidence at trial was as follows. Rick Runge, Linda's son, testified that Linda moved to a nursing home permanently in fall 1993. He thought Donald paid the taxes on the house after the Domineys took possession of it. When asked why Linda didn't pay the taxes if she owned the property, Runge answered that once she received the letter from the Domineys stating that the vendor's lien had been rescinded, she thought she didn't own the property anymore. Linda did not make any payments on the house after December 1996, but Runge understood

from Linda that the note had been "paid" when Weir transferred it to the Domineys.

Appellant testified that in December 1996, the house was vacant and looked like vagrants had been in it. The Domineys thought it had been abandoned because there was no "gas, electric, or water to the house; and the windows were broken and there were no doors." She said that Donald went to visit Linda in the nursing home to tell her he had purchased the vendor's lien on the property and ask her if she was going to "return to the house to make payments on it." She did not say what Linda's answer was, but she did testify that Linda did not make any payments after that. According to appellant, the Lokomskis had defaulted on the note before the Domineys purchased the lien. Appellant stated that they gained the right to take possession of the home by virtue of the vendor's lien. When asked whether the Lokomskis ever gave them permission to rent the house, appellant answered, "Mr. Lokomski was deceased and Mrs. Lokomski was in a nursing home."

Although appellant testified that the Lokomskis were behind on the note payments when Weir transferred the note and lien to the Domineys and when the Domineys took possession of the house, she did not testify as to how much Linda owed them, either at that time or at the time of trial. Appellant did introduce into evidence an amortization schedule for a payment identical to the note at the identical percentage rate and the identical principal amount shown on the note and a standard amortization chart for the same amount. This evidence shows that payments would have been due between December 1996 and June 1997 if the Lokomskis had made payments on the note solely in accordance with the regular monthly payments described in the note, but there is no evidence that they actually paid according to that schedule.

Because there is no evidence in the record that Linda expressly consented to the Domineys' possession of the property, appellant contends that as the then holders of the superior title, she and her husband were entitled to rescind the contract and take possession of the property as a result of Linda's default. She also claims that the evidence shows she and her husband were entitled to take possession under either the deed of trust or the vendor's lien. She contends that the following defaults entitled them to do so: the Lokomskis' failure to make payments on the note; failure to pay taxes; failure to keep the property in good repair; and failure to keep the property insured.

■ The deed of trust provides that the failure to perform the obligations listed above entitles the beneficiary under the deed of trust to perform the obligations and recover any amount paid as additional principal under the note. But the deed of trust does not give the mortgagee the right to possession under those circumstances without first initiating foreclosure proceedings in accordance with the deed of trust. *See State v. First Interstate Bank of Tex., N.A.*, 880 S.W.2d 427, 429 (Tex. App.-Austin 1994, writ denied). Appellant claims that under these circumstances she has an implied right of possession under the deed of trust, but she cites no authority supporting this proposition. *See Shelton v. Sargent*, 144 S.W.3d 113, 119 (Tex. App.-Fort Worth 2004, pet. denied) (waiving point on appeal for failure to cite authority).

■ Appellant further claims that she and her husband were entitled to take possession under the vendor's lien because

(1) Linda had abandoned the property[4] and (2) the Domineys validly rescinded the contract and took possession of the property in satisfaction of the vendor's lien. Appellant did not challenge the trial court's finding that Linda did not abandon the property. Unchallenged findings of fact are binding unless the contrary is established as a matter of law or there is no evidence to support the findings. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex.1986); *Reliance Ins. Co. v. Denton Cent. Appraisal Dist.,* 999 S.W.2d 626, 629 (Tex.App.-Fort Worth 1999, no pet.).

 "Abandonment is the relinquishment of a right by the owner with the intention to forsake and desert it." *Tex. Water Rights Comm'n v. Wright,* 464 S.W.2d 642, 646 (Tex.1971). Whether abandonment exists is a question of fact. *City of Anson v. Arnett,* 250 S.W.2d 450, 454 (Tex.Civ.App.-Eastland 1952, writ ref'd n.r.e.). Intent to abandon must be shown by clear and satisfactory evidence. *Id.* Nonuse of a right is not sufficient to show abandonment unless the failure to use is long-continued and unexplained. *Id.*

 Runge testified that in October 1996 he cleaned up the property at Linda's request because she had received notice that the City of Lake Worth had set a hearing regarding code violations on the property. At that time, the property was liveable and had a door, windows, a roof, and working plumbing and electricity. In November 1996, the City scheduled the home for demolition due to its poor condition. There is no evidence that Linda had any notice or knowledge of the City's action; the notice was addressed to Kenneth and Linda Lokomski at the property address, and the envelope it was sent in was

marked "RETURN TO SENDER[.] LOKOMSKI MOVED[.] LEFT NO ADDRESS[.] UNABLE TO FORWARD." Dominey testified that when she and her husband took possession of the property it was vacant, appeared to have been inhabited by vagrants, and had no working utilities. Runge testified that his mother did not make tax payments on the property after December 1996 because when she received the notice of rescission from the Domineys, she thought she no longer owned the property.

We hold that the trial court's finding that Linda did not abandon the property is supported by evidence and that appellant did not establish as a matter of law that Linda abandoned the property. Thus, the Domineys were not entitled to rescind on that basis.

 We next consider appellant's contention that she and her husband were entitled to possession of the property by virtue of the vendor's lien. When an express vendor's lien is retained to secure unpaid purchase money, the vendor holds superior title, and the vendee has a mere equitable right to acquire title by carrying out the agreement. *State v. Forest Lawn Lot Owners Ass'n,* 152 Tex. 41, 254 S.W.2d 87, 91 (1953); *Lusk v. Mintz,* 625 S.W.2d 774, 776 (Tex.App.-Houston [14th Dist.] 1981, no writ). The vendor has a choice of remedies on the vendee's default *in the payment of the purchase price:* the vendor may sue for his money, rescind the contract and take possession, or sue to recover title and possession. *Whiteside v. Bell,* 162 Tex. 411, 347 S.W.2d 568, 570 (1961); *Lusk,* 625 S.W.2d at 775–76. The remedy of rescission is separate and distinct from

---

4. *See Mozoch v. Sugg,* 254 S.W. 770, 772–74 (Tex. Comm'n App.1923, holding approved) (holding that party claiming title to property through vendee who had abandoned property could not recover property from party in possession who claimed title under vendor even though suit on debt was barred by limitations).

and wholly independent of the remedies to enforce payment. *Lusk,* 625 S.W.2d at 776; *Bunn v. City of Laredo,* 245 S.W. 426, 429 (Tex. Comm'n App.1922, judgm't adopted).

Thus, to be entitled to the remedy of rescission pursuant to a vendor's lien, the vendor must show that the vendee has not repaid the purchase price in accordance with the note. To prove default under a promissory note, a plaintiff must establish that a certain balance is due and owing on the note. *See Cadle Co. v. Regency Homes, Inc.,* 21 S.W.3d 670, 674 (Tex.App.-Austin 2000, pet. denied) (op. on reh'g). Appellant did not show that a certain balance was due and owing on the note when she and her husband took possession of the property. Thus, she did not show that she was entitled to rescission and to take possession of the property under the vendor's lien. We hold that, based on the facts, the trial court correctly concluded that the Domineys wrongfully possessed the property. Accordingly, we overrule appellant's third issue.[5] *See Robinson v. Smith,* 133 Tex. 378, 128 S.W.2d 27, 33 (1939) ("In this state the mortgagee is not the owner of the land and, in the absence of an agreement that he shall have possession, is not entitled to possession.").

In her first issue, appellant contends that her suit on the vendor's lien is not barred by limitations because she is a mortgagee in possession. *See, e.g., Myricks v. Heilbron,* 170 S.W.2d 827, 829 (Tex. Civ.App.-Texarkana 1943, no writ) (holding that vendor in possession of property could assert title to property against vendee even though vendor's lien was barred by limitations when suit filed); *see also Mur-*

*phy v. Sills,* 268 S.W.2d 296, 311 (Tex.Civ. App.-Beaumont 1953, writ dism'd) (holding that mortgagee in possession has right to possession until paid). But in order to defeat the affirmative defense of limitations, the mortgagee must be *lawfully* in possession of the property; for a mortgagee's possession to be lawful, it must be "peaceably and legally acquired[,] . . . taken in good faith, free from deceit, fraud, or wrong, and without violation of any contract relation with the mortgagor." *See Wilhite v. Yount–Lee Oil Co.,* 140 S.W.2d 293, 296 (Tex.Civ.App.-Texarkana 1940, writ ref'd); *see also Robinson,* 128 S.W.2d at 30 (holding that mortgagee who obtains possession with express or implied consent of mortgagor or who has purchased property at void or irregular foreclosure sale is mortgagee lawfully in possession). We have already determined that the record supports the trial court's finding that the Domineys wrongfully possessed the property; thus, appellant is not a mortgagee lawfully in possession of the property, and the trial court properly concluded that she cannot defeat limitations on that basis. We overrule appellant's first issue.

In her second issue, appellant claims that the deed of trust is not barred by limitations. Section 16.035(a) of the civil practice and remedies code provides that a suit to recover real property under a real property lien or to foreclose on a real property lien must be commenced no later than four years after the cause of action accrues. TEX. CIV. PRAC. & REM.CODE ANN. § 16.035(a) (Vernon 2002). "If a series of notes or obligations or a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or

---

5. Appellant challenged only the trial court's finding of wrongful possession; she did not challenge its finding on damages.

installment." *Id.* § 16.035(e). The statute includes vendor's liens and deed of trust liens in the definition of "real property lien." *Id.* § 16.035(g)(2).

The note here is payable in installments. If the Lokomskis had made regular payments as set forth in the note, and made no prepayments or additional payments, the last payment would have been due on June 30, 1997. Thus, appellant's suit was already barred by limitations when she filed it on January 8, 2003. *See id.* § 16.035(a), (e). We overrule appellant's second issue.

Having overruled appellant's three issues, we affirm the trial court's judgment.