COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-058-CV
  
  
DEANNA 
DOMINEY, INDIVIDUALLY AND                                 APPELLANT
AS 
ADMINISTRATOR OF THE ESTATE OF
DONALD 
J. DOMINEY
  
V.
  
THE 
UNKNOWN HEIRS AND LEGAL                                          APPELLEES
REPRESENTATIVES 
OF LINDA LOKOMSKI
AND 
KENNETH LOKOMSKI, DECEASED
AND 
RICK RUNGE
   
  
------------
 
FROM 
PROBATE COURT NO. 2 OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        This 
case involves the attempted foreclosure of a vendor’s lien on real 
property.  After a bench trial, the trial court awarded title of the 
property to appellees, the unknown heirs and legal representatives of Linda and 
Kenneth Lokomski, deceased, and Rick Runge; found that the holder of the 
vendor’s lien—Deanna Dominey, individually and as administrator of the 
estate of Donald J. Dominey—wrongfully possessed the property; and awarded 
appellees $30,500 plus court costs. In three issues, appellant contends that the 
trial court committed reversible error in awarding possession of the property to 
the appellees free and clear of any liens even though appellant was a mortgagee 
in possession, in finding that the suit was barred by the four-year statute of 
limitations, and in finding that appellant and her deceased husband, Donald J. 
Dominey, wrongfully deprived appellees of the property. We affirm.
Factual Background
        In 
1987, Stelleta Weir sold a home to Linda and Kenneth Lokomski for cash and a 
$23,000 promissory note. The note was secured by a deed of trust and express 
vendor’s lien retained in the deed. Linda moved to a nursing home in 1993, and 
Kenneth died in November 1996. In November 1996, the City of Lake Worth 
scheduled the home for demolition due to its poor condition. The Domineys heard 
about the scheduled demolition at a city council meeting, drove by the house, 
and estimated how much it would cost to make the necessary repairs. They then 
obtained a document entitled Transfer of Lien from Weir, which purported to 
transfer Weir’s vendor’s and deed of trust liens on the property to them.
        The 
Domineys took possession of the property to make the repairs. On December 16, 
1996, they filed a warranty deed in the Tarrant County property records 
purporting to rescind the contract between themselves as holders of the 
vendor’s lien and the Lokomskis as the vendees. The Domineys spent $12,000 
repairing the home. They then entered into an executory contract with Daniel 
Wilson for the sale of the home. In anticipation of transferring title to 
Wilson, appellant[1] received the results of a title 
search, which showed that title was still vested in the Lokomskis or their 
heirs.[2]
        Appellant 
then filed this action to foreclose on the liens. After a bench trial, the trial 
court found, among other things, that title to the property was vested in 
appellees free and clear of any liens, that the deed of trust and vendor’s 
liens were barred by limitations, and that the Domineys had wrongfully taken 
possession of the property in 1996, entitling appellees to damages for the 
wrongful possession.
Analysis
        Because 
the resolution of this case turns upon whether the Domineys lawfully took 
possession of the property in December 1996, we will address those issues first. 
In her third issue, appellant contends that the evidence does not support the 
trial court’s finding that the Domineys took possession of the property 
without the consent of Linda or Kenneth’s heirs because appellant’s evidence 
shows that their consent was not necessary. She also challenges the trial 
court’s conclusion that the Domineys committed a trespass[3] 
to, and interfered with the owners’ right to possession of, the property when 
they took possession of it.
Standard of Review
        Findings 
of fact entered in a case tried to the court have the same force and dignity as 
a jury’s answers to jury questions. Anderson v. City of Seven Points, 
806 S.W.2d 791, 794 (Tex. 1991). The trial court's findings of fact are 
reviewable for legal and factual sufficiency of the evidence to support them by 
the same standards that are applied in reviewing evidence supporting a jury's 
answer. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Catalina v. 
Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).
        Appellant’s 
issue complains generally that the evidence does not support the trial court’s 
findings. Thus, construing her brief liberally, as we must, we will review the 
trial court’s findings for both legal and factual sufficiency. See Tex. R. App. P. 38.9; Interstate 
Apartment Enters., L.C. v. Wichita Appraisal Dist., 164 S.W.3d 448, 453 n.3 
(Tex. App.—Fort Worth 2005, no pet.).
        A 
“no evidence” issue may be sustained only when (1) the record discloses a 
complete absence of evidence of a vital fact, (2) the court is barred by rules 
of law or of evidence from giving weight to the only evidence offered to prove a 
vital fact, (3) the evidence offered to prove a vital fact is no more than a 
mere scintilla, or (4) the evidence establishes conclusively the opposite of a 
vital fact. Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 
(Tex. 1998), cert. denied, 526 U.S. 1040 (1999). Anything more than a 
scintilla of evidence is legally sufficient to support the finding. Cont’l 
Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); Leitch v. 
Hornsby, 935 S.W.2d 114, 118 (Tex. 1996). More than a scintilla of evidence 
exists if the evidence furnishes some reasonable basis for differing conclusions 
by reasonable minds about the existence of a vital fact. Rocor Int’l, Inc. 
v. Nat’l Union Fire Ins. Co., 77 S.W.3d 253, 262 (Tex. 2002).
        Appellant 
argues in her third point that she was entitled to take possession of the 
property under the deed of trust lien, the vendor’s lien, or both. Thus, she 
appears to be arguing that the evidence at trial conclusively establishes the 
opposite of a vital fact.
        In 
determining appellant’s “no evidence” issue, we are to consider the 
evidence in the light favorable to the verdict, crediting favorable evidence if 
a reasonable fact finder could and disregarding contrary evidence unless a 
reasonable fact finder could not. City of Keller v. Wilson, 48 Tex. Sup. 
Ct. J. 848, 863, 2005 WL 1366509, at *14 (Tex. June 10, 2005). The ultimate 
question we must answer is “whether the evidence at trial would enable 
reasonable and fair-minded people to reach the verdict under review.” Id.
        An 
assertion that the evidence is factually insufficient to support a fact finding 
means that the evidence supporting the finding is so weak or the evidence to the 
contrary is so overwhelming that the answer should be set aside and a new trial 
ordered. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). We are 
required to consider all of the evidence in the case in making this 
determination, not just the evidence that supports the finding. Mar. Overseas 
Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex.), cert. denied, 525 U.S. 
1017 (1998).
        Conclusions 
of law may not be challenged for factual sufficiency, but they may be reviewed 
to determine their correctness based upon the facts. Rogers v. City of Fort 
Worth, 89 S.W.3d 265, 277 (Tex. App.—Fort Worth 2002, no pet.).
Discussion
        The 
evidence at trial was as follows. Rick Runge, Linda’s son, testified that 
Linda moved to a nursing home permanently in fall 1993. He thought Donald paid 
the taxes on the house after the Domineys took possession of it. When asked why 
Linda didn’t pay the taxes if she owned the property, Runge answered that once 
she received the letter from the Domineys stating that the vendor’s lien had 
been rescinded, she thought she didn’t own the property anymore. Linda did not 
make any payments on the house after December 1996, but Runge understood from 
Linda that the note had been “paid” when Weir transferred it to the 
Domineys.
        Appellant 
testified that in December 1996, the house was vacant and looked like vagrants 
had been in it.  The Domineys thought it had been abandoned because there 
was no “gas, electric, or water to the house; and the windows were broken and 
there were no doors.”  She said that Donald went to visit Linda in the 
nursing home to tell her he had purchased the vendor’s lien on the property 
and ask her if she was going to “return to the house to make payments on 
it.”  She did not say what Linda’s answer was, but she did testify that 
Linda did not make any payments after that.  According to appellant, the 
Lokomskis had defaulted on the note before the Domineys purchased the 
lien.  Appellant stated that they gained the right to take possession of 
the home by virtue of the vendor’s lien.  When asked whether the 
Lokomskis ever gave them permission to rent the house, appellant answered, 
“Mr. Lokomski was deceased and Mrs. Lokomski was in a nursing home.”
        Although 
appellant testified that the Lokomskis were behind on the note payments when 
Weir transferred the note and lien to the Domineys and when the Domineys took 
possession of the house, she did not testify as to how much Linda owed them, 
either at that time or at the time of trial.  Appellant did introduce into 
evidence an amortization schedule for a payment identical to the note at the 
identical percentage rate and the identical principal amount shown on the note 
and a standard amortization chart for the same amount.  This evidence shows 
that payments would have been due between December 1996 and June 1997 if the 
Lokomskis had made payments on the note solely in accordance with the regular 
monthly payments described in the note, but there is no evidence that they 
actually paid according to that schedule.
        Because 
there is no evidence in the record that Linda expressly consented to the 
Domineys’ possession of the property, appellant contends that as the then 
holders of the superior title, she and her husband were entitled to rescind the 
contract and take possession of the property as a result of Linda’s default. 
She also claims that the evidence shows she and her husband were entitled to 
take possession under either the deed of trust or the vendor’s lien. She 
contends that the following defaults entitled them to do so: the Lokomskis’ 
failure to make payments on the note; failure to pay taxes; failure to keep the 
property in good repair; and failure to keep the property insured.
        The 
deed of trust provides that the failure to perform the obligations listed above 
entitles the beneficiary under the deed of trust to perform the obligations and 
recover any amount paid as additional principal under the note. But the deed of 
trust does not give the mortgagee the right to possession under those 
circumstances without first initiating foreclosure proceedings in accordance 
with the deed of trust. See State v. First Interstate Bank of Tex., N.A., 
880 S.W.2d 427, 429 (Tex. App.—Austin 1994, writ denied). Appellant claims 
that under these circumstances she has an implied right of possession under the 
deed of trust, but she cites no authority supporting this proposition. See 
Shelton v. Sargent, 144 S.W.3d 113, 119 (Tex. App.—Fort Worth 2004, 
pet. denied) (waiving point on appeal for failure to cite authority).
        Appellant 
further claims that she and her husband were entitled to take possession under 
the vendor’s lien because (1) Linda had abandoned the property[4] and (2) the Domineys validly rescinded the contract and 
took possession of the property in satisfaction of the vendor’s lien. 
Appellant did not challenge the trial court’s finding that Linda did not 
abandon the property. Unchallenged findings of fact are binding unless the 
contrary is established as a matter of law or there is no evidence to support 
the findings. McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986); Reliance 
Ins. Co. v. Denton Cent. Appraisal Dist., 999 S.W.2d 626, 629 (Tex. 
App.—Fort Worth 1999, no pet.).
        “Abandonment 
is the relinquishment of a right by the owner with the intention to forsake and 
desert it.” Tex. Water Rights Comm’n v. Wright, 464 S.W.2d 642, 646 
(Tex. 1971). Whether abandonment exists is a question of fact. City of Anson 
v. Arnett, 250 S.W.2d 450, 454 (Tex. Civ. App.—Eastland 1952, writ ref’d 
n.r.e.). Intent to abandon must be shown by clear and satisfactory evidence. Id. 
Nonuse of a right is not sufficient to show abandonment unless the failure to 
use is long-continued and unexplained. Id.
        Runge 
testified that in October 1996 he cleaned up the property at Linda’s request 
because she had received notice that the City of Lake Worth had set a hearing 
regarding code violations on the property. At that time, the property was 
liveable and had a door, windows, a roof, and working plumbing and electricity. 
In November 1996, the City scheduled the home for demolition due to its poor 
condition. There is no evidence that Linda had any notice or knowledge of the 
City’s action; the notice was addressed to Kenneth and Linda Lokomski at the 
property address, and the envelope it was sent in was marked “RETURN TO 
SENDER[.] LOKOMSKI MOVED[.] LEFT NO ADDRESS[.] UNABLE TO FORWARD.” Dominey 
testified that when she and her husband took possession of the property it was 
vacant, appeared to have been inhabited by vagrants, and had no working 
utilities. Runge testified that his mother did not make tax payments on the 
property after December 1996 because when she received the notice of rescission 
from the Domineys, she thought she no longer owned the property.
        We 
hold that the trial court’s finding that Linda did not abandon the property is 
supported by evidence and that appellant did not establish as a matter of law 
that Linda abandoned the property. Thus, the Domineys were not entitled to 
rescind on that basis.
        We 
next consider appellant’s contention that she and her husband were entitled to 
possession of the property by virtue of the vendor’s lien. When an express 
vendor’s lien is retained to secure unpaid purchase money, the vendor holds 
superior title, and the vendee has a mere equitable right to acquire title by 
carrying out the agreement. State v. Forest Lawn Lot Owners Ass’n, 152 
Tex. 41, 254 S.W.2d 87, 91 (1953); Lusk v. Mintz, 625 S.W.2d 774, 776 
(Tex. App.—Houston [14th Dist.] 1981, no writ). The vendor has a choice of 
remedies on the vendee’s default in the payment of the purchase price: 
the vendor may sue for his money, rescind the contract and take possession, or 
sue to recover title and possession. Whiteside v. Bell, 162 Tex. 411, 347 
S.W.2d 568, 570 (1961); Lusk, 625 S.W.2d at 775-76. The remedy of 
rescission is separate and distinct from and wholly independent of the remedies 
to enforce payment. Lusk, 625 S.W.2d at 776; Bunn v. City of Laredo, 
245 S.W. 426, 429 (Tex. Comm’n App. 1922, judgm’t adopted).
        Thus, 
to be entitled to the remedy of rescission pursuant to a vendor’s lien, the 
vendor must show that the vendee has not repaid the purchase price in accordance 
with the note. To prove default under a promissory note, a plaintiff must 
establish that a certain balance is due and owing on the note. See Cadle Co. 
v. Regency Homes, Inc., 21 S.W.3d 670, 674 (Tex. App.—Austin 2000, pet. 
denied) (op. on reh’g). Appellant did not show that a certain balance was due 
and owing on the note when she and her husband took possession of the property. 
Thus, she did not show that she was entitled to rescission and to take 
possession of the property under the vendor’s lien. We hold that, based on the 
facts, the trial court correctly concluded that the Domineys wrongfully 
possessed the property. Accordingly, we overrule appellant’s third issue.[5]  See Robinson v. Smith, 133 Tex. 378, 128 
S.W.2d 27, 33 (1939) (“In this state the mortgagee is not the owner of the 
land and, in the absence of an agreement that he shall have possession, is not 
entitled to possession.”).
        In 
her first issue, appellant contends that her suit on the vendor’s lien is not 
barred by limitations because she is a mortgagee in possession. See, e.g., 
Myricks v. Heilbron, 170 S.W.2d 827, 829 (Tex. Civ. App.—Texarkana 1943, 
no writ) (holding that vendor in possession of property could assert title to 
property against vendee even though vendor’s lien was barred by limitations 
when suit filed); see also Murphy v. Sills, 268 S.W.2d 296, 311 (Tex. Civ. 
App.—Beaumont 1953, writ dism’d) (holding that mortgagee in possession has 
right to possession until paid). But in order to defeat the affirmative defense 
of limitations, the mortgagee must be lawfully in possession of the 
property; for a mortgagee’s possession to be lawful, it must be “peaceably 
and legally acquired[,] . . . taken in good faith, free from deceit, fraud, or 
wrong, and without violation of any contract relation with the mortgagor.” See 
Wilhite v. Yount-Lee Oil Co., 140 S.W.2d 293, 296 (Tex. Civ. 
App.—Texarkana 1940, writ ref’d); see also Robinson, 128 S.W.2d at 30 
(holding that mortgagee who obtains possession with express or implied consent 
of mortgagor or who has purchased property at void or irregular foreclosure sale 
is mortgagee lawfully in possession). We have already determined that the record 
supports the trial court’s finding that the Domineys wrongfully possessed the 
property; thus, appellant is not a mortgagee lawfully in possession of the 
property, and the trial court properly concluded that she cannot defeat 
limitations on that basis. We overrule appellant’s first issue.
        In 
her second issue, appellant claims that the deed of trust is not barred by 
limitations. Section 16.035(a) of the civil practice and remedies code provides 
that a suit to recover real property under a real property lien or to foreclose 
on a real property lien must be commenced no later than four years after the 
cause of action accrues. Tex. Civ. Prac. 
& Rem. Code Ann. § 16.035(a) (Vernon 2002). “If a series of notes 
or obligations or a note or obligation payable in installments is secured by a 
real property lien, the four-year limitations period does not begin to run until 
the maturity date of the last note, obligation, or installment.”  Id. 
§ 16.035(e).  The statute includes vendor’s liens and deed of trust 
liens in the definition of “real property lien.”  Id. § 
16.035(g)(2).
        The 
note here is payable in installments.  If the Lokomskis had made regular 
payments as set forth in the note, and made no prepayments or additional 
payments, the last payment would have been due on June 30, 1997.  Thus, 
appellant’s suit was already barred by limitations when she filed it on 
January 8, 2003. See id. § 16.035(a), (e).  We overrule 
appellant’s second issue.
        Having 
overruled appellant’s three issues, we affirm the trial court’s judgment.
  
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
 
  
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.
 
DELIVERED: 
August 4, 2005

 
NOTES
1.  
Donald died before this suit was filed.
2.  
Linda died March 1, 2001.
3.  
“Trespass to real property occurs when a person enters another’s land 
without consent.” Gen. Mills Rests., Inc. v. Tex. Wings, Inc., 12 
S.W.3d 827, 833 (Tex. App.—Dallas 2000, no pet.).
4.  
See Mozoch v. Sugg, 254 S.W. 770, 772-74 (Tex. Comm’n App. 1923, 
holding approved) (holding that party claiming title to property through vendee 
who had abandoned property could not recover property from party in possession 
who claimed title under vendor even though suit on debt was barred by 
limitations).
5.  
Appellant challenged only the trial court’s finding of wrongful possession; 
she did not challenge its finding on damages.