

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-305-CV

W.W. COLLINS, JR.                                                      APPELLANT

V.

KAPPA SIGMA FRATERNITY                                      APPELLEES
AND PHILIP L. THAMES

------------

### FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

In three issues, Appellant W.W. Collins, Jr. appeals the granting of Appellees Kappa Sigma Fraternity and Philip L. Thames's motion to dismiss based on a forum selection clause.[2]  We reverse and remand.

### II.  Factual and Procedural History

---

[1] *See* Tex. R. App. P. 47.4.

[2] Philip L. Thames is a Kappa Sigma Officer.  From this point on, the appellees will be referred to collectively as "the Fraternity."

Collins, a 1965 initiate of Kappa Sigma Fraternity ("KSF"), filed suit against the Fraternity for wrongful expulsion, breach of fiduciary duty, and defamation.[3] Subsequently, the Fraternity filed a motion to dismiss based on a forum selection clause contained in KSF's "Constitution, By-Laws and Rules" ("CBR"). The provision at issue provided, in pertinent part, that

> [t]he sole venue for any legal proceeding brought by any member, chapter or Related Entity involving [KSF] or any officer or employee thereof shall be in the state and federal courts of and for Albemarle County, Virginia, or at any other such place where the Supreme Executive Committee in its discretion may from time to time authorize and publish to [KSF]. . . .

After a hearing, the trial court granted the motion and dismissed the underlying suit without prejudice. This appeal followed.

### III. Standard of Review

We review a trial court's determination of a motion to dismiss, including a motion based on a forum selection clause, for an abuse of discretion. *St. Clair v. Brooke Franchise* Corp., No. 02-06-00216-CV, 2007 WL 1095554, at *2 (Tex. App.—Fort Worth Apr. 12, 2007, no pet.) (mem. op.). However, to the extent that our review involves issues of contractual interpretation, such as the interpretation of a forum selection clause, the standard of review is de novo. *See id.*

---

[3] The underlying suit is based on Collins's expulsion from KSF in January 2003 for, among other things, violating KSF's hazing policy. Collins, an attorney, consulted with two undergraduate members of KSF at Texas Christian University and allegedly instructed them not to cooperate with KSF's investigation into a hazing incident.

## IV. Plain Meaning of Forum Selection Clause

In his first issue, Collins argues that the trial court abused its discretion by granting the Fraternity's motion to dismiss because, as an ex-member, the forum selection clause does not apply to him. We agree.

A contract is ambiguous when it is susceptible to more than one reasonable interpretation. *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005). The forum selection clause in this case, however, is not susceptible to more than one reasonable interpretation. *See, e.g., In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 677 (Tex. 2009) (concluding that the forum selection clauses at issue were not susceptible to more than one reasonable interpretation because the clauses fixed jurisdiction and venue for judicial actions between the parties); *see also In re Wilmer Cutler Pickering Hale & Dorr LLP*, No. 05-08-01395-CV, 2008 WL 5413097, at *4 (Tex. App.—Dallas Dec. 31, 2008, orig. proceeding [mand. denied]) (mem. op.) (applying plain meaning rule to interpretation of forum selection clause). The clause specifies that "any legal proceeding brought by any member, chapter or Related Entity involving [KSF] or any officer or employee thereof shall be in the state and federal courts of and for Albemarle County, Virginia." The only reasonable interpretation is that legal proceedings involving KSF, its officers, or its employees that are *brought by members, chapters, or related entities* are to be filed in Albemarle County, Virginia. It is undisputed that KSF expelled Collins from its organization in 2003 and that Collins did not file suit against the Fraternity until 2004.

3

Consequently, Collins was no longer a member at the time he filed suit. Thus, based on the plain meaning of the language, the forum selection clause is inapplicable to Collins.

Moreover, when reviewed with the other provisions in section 3.5 of the CBR, it is clear that the provision at issue applies only to current members.

> 3.5.3 Exhaustion. The remedies and procedures provided in this Rule and all subsections hereof must be exhausted prior to the filing or commencement of any legal proceeding by any *member, chapter or Related Entity* involving the Fraternity or any officer or employee thereof before a court having competent jurisdiction thereof.
>
> . . . .
>
> 3.5.5 Failure to Comply. In the event that legal proceedings are threatened or commenced in violation of or without compliance with this Rule and all subsections hereof, the Supreme Executive Committee may in its discretion summarily order the *member, Chapter, or Related Entity* covered under this Rule to dismiss such legal action and comply with this Rule and all subsections hereof.
>
> 3.5.6 Sanctions. Failure or refusal to comply with the Rule and all subsections hereof, including, without limitation, an order by the Supreme Executive Committee made pursuant to subsection 3.5.5 hereof, shall be grounds for disciplinary proceedings against such *member, chapter or Related Entity* in accordance with the [CBR]. . . . [Emphasis added.]

The Fraternity, however, argues that "an expelled member is still bound by the terms of the constitution that bound him as an active member in connection with disputes arising within the association." In other words, for all intents and purposes, although Collins is an ex-member, he is to be treated as a "member" when applying clauses within the constitution—specifically, the forum selection clause.

4

In support of its argument, the Fraternity cites to *Dallas County Med. Soc'y v. Ubinas-Brache*, in which the court stated:

> A member of a voluntary association is bound by a sentence of expulsion against him lawfully rendered by a tribunal created in pursuance of its constitution, and clothed with that power. . . . *By uniting with the society, the member assents to and accepts the constitution, and impliedly binds himself to abide by the decision of such boards as that instrument may provide, for the determination of disputes arising within the association. The decisions of these tribunals, when organized under the constitution, and lawfully exercising these powers, though they involve the expulsion of a member, are no more subject to collateral attack for mere error than are the judgments of a court [of] law.* But if the tribunal act illegally; if it declare a sentence of expulsion for an offense for which that penalty is not provided by the constitution and laws of the association; and if there be no right of appeal, within the association, reserved for the redress of the injury,[] the courts will review the proceedings, and, if found illegal, will treat them as null, and restore the member to his privileges as such. . . . If his expulsion was illegal, and if the association had refused, upon appeal, to set it aside, it may be that this court would have granted redress.

68 S.W.3d 31, 42 (Tex. App.—Dallas 2001, pet. denied), *cert. denied*, 535 U.S. 970 (2002) (emphasis added) (citing *Screwmen's Benevolent Ass'n v. Benson*, 76 Tex. 552, 555, 13 S.W. 379, 380 (1890)).

The Fraternity asserts that, based on the emphasized portion above, Collins, as an ex-member, is still bound by the terms of the CBR and, therefore, is within the scope of the forum selection clause. The language at issue, however, taken in context with the entire paragraph, states that when a member is expelled from an organization, that member is bound by the organization's decision to expel him so long as the organization's actions are protected under the organization's constitution.

5

*See id.* That is, the expelled member is bound by the organization's constitution only to the extent that he is challenging the organization's procedures for expelling him. *See id.* Thus, we do not agree that Collins, as an ex-member, is bound by the forum selection clause in the CBR, which, based on the plain meaning of the language, applies only to members, chapters, or related entities. In other words, as Collins points out, although *Ubinas-Brache* stands for the general idea that an association may make and administer its own rules and that by joining the organization a member agrees to be bound by them, it also provides that this proposition must be exercised lawfully and within legal limits. *See id.* at 41. Thus, *Ubinas-Brache* does not negate the common law application of the plain meaning rule to contracts and governing documents.

The Fraternity also argues that Collins is bound by the forum selection clause under the doctrines of estoppel, quasi-estoppel, and waiver. In support of its argument, the Fraternity directs our attention to the following conclusions of law made by the trial court:

> 22. Since [Collins] seeks to enforce claimed benefits or contractual rights under the CBR, [Collins] is not able to avoid the obligations imposed on him under that same CBR.
>
> 23. [Collins] waived any right to complain about the application to him of the forum selection clause contained in Rule 3.5.4 of the CBR.
>
> 24. [Collins] is estopped to deny the application to him of the forum selection clause contained in Rule 3.5.4 of the CBR.

25. [Collins] is quasi-estopped to deny the application to him of the forum selection clause contained in Rule 3.5.4 of the CBR.

Conclusions of law may not be challenged for factual sufficiency, but they may be reviewed to determine their correctness based upon the facts. *AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 519 (Tex. App.—Fort Worth 2009, no pet.) (op. on reh'g); *Dominey v. Unknown Heirs & Legal Representatives of Lokomski*, 172 S.W.3d 67, 71 (Tex. App.—Fort Worth 2005, no pet.).

### 1. Estoppel and Quasi-Estoppel

In its motion to dismiss, the Fraternity argued that "since [Collins] seeks to enforce claimed benefits under the contract, [Collins] should not be able to avoid the obligations imposed on him under that same contract."

Estoppel by contract is a form of quasi-estoppel premised on the concept that a party to a contract will not be permitted to take a position inconsistent with its provisions, to the prejudice of another. *See Johnson v. Structured Asset Servs., L.L.C*, 148 S.W.3d 711, 721–22 (Tex. App.—Dallas 2004, no pet.); *see also Eckland Consultants, Inc. v. Ryder, Stilwell Inc.*, 176 S.W.3d 80, 87 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (stating that the doctrine of quasi estoppel applies when it would be unconscionable to allow a party to maintain a position inconsistent with one in which it had acquiesced, or from which it had accepted a benefit).

We note that under the doctrine of estoppel, even if Collins is estopped from challenging the existence, validity, or effect of the CBR, he is not estopped from asking the court to enforce the CBR in accordance with its plain language. In other words, assuming that the CBR is a valid contract between the Fraternity and Collins, and that Collins is bound by what is written in the CBR, the CBR must be enforced based on its plain language. *See Jamestown Partners, L.P. v. City of Fort Worth*, 83 S.W.3d 376, 381 (Tex. App.—Fort Worth 2002, pet. denied) (stating that the agreement will be enforced as the parties have made it, without regard to whether they contracted wisely). That being said, we previously concluded that the CBR's forum selection clause, based on its plain language, does not apply to ex-members.

More simply put, Collins, as a member of KSF, agreed to be bound by the CBR. The CBR's forum selection clause stated that members were required to file suit in Albemarle County, Virginia. The clause, however, did not state that ex-members were also required to file suit in Albemarle County, Virginia. Thus, Collins, as an ex-member, is not asserting a right inconsistent with a position that he took as a member. Accordingly, estoppel does not apply.

### 2. Waiver

The Fraternity also argued in its motion to dismiss that Collins "waived any right to complain about the Virginia forum by agreeing to the valid forum selection clause." In its findings of fact, the trial court found that (1) Collins was a 1965 initiate of KSF; (2) the forum selection clause was part of the 2001, 2003, 2005, and 2007

8

CBR; (3) the forum selection clause contained in the CBR is presumptively valid; (4) the CBR constituted a contract between KSF and Collins; (5) Collins was expelled from KSF in 2003; and (6) Collins filed suit in 2004. Based on these facts, the trial court concluded that Collins "waived any right to complain about the Virginia forum by agreeing to be bound by the CBR and any amendments and/or changes thereto when he became a member of KSF."

Collins, however, only agreed to be bound by the forum selection clause to the extent provided for in the CBR when he was a member. As such, based on the plain meaning of the clause's language in both the 2001 and 2003 CBR, the forum selection clause only applied to members, chapters, and related entities. Thus, when Collins was a member, he was bound by the forum selection clause; however, when Collins became an ex-member, the clause no longer applied. Accordingly, as an ex-member, Collins has not waived his rights to complain about the Virginia forum.

Because Collins is no longer a member, and because the doctrines of estoppel, quasi-estoppel, and waiver do not apply, we conclude that the forum selection clause does not apply to Collins. Therefore, the trial court abused its discretion by granting the Fraternity's motion to dismiss. Accordingly, we sustain Collins's first issue.[4]

---

[4] ... Because we sustain Collins's first issue, we need not address his second and third issues, which provide further arguments as to why the trial court abused its discretion by granting the Fraternity's motion to dismiss, and we need not reach the Fraternity's cross-issues. *See* Tex. R. App. P. 47.1.

9

## V. Conclusion

Having sustained Collins's dispositive issue, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

BOB MCCOY<br>
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED: April 22, 2010