

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00026-CV

JOE PAT RICKETT                                                  APPELLANT

V.

LYNN W. LESIKAR                                              APPELLEE

------------

### FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In four issues, Appellant Joe Pat Rickett complains that the trial court erred by ruling against him on his quantum meruit claim.  We affirm.

## II. Factual and Procedural History

In December 2005, after a discussion about fees and project specifications, Appellee Lynn W. Lesikar hired Rickett to perform seismic data

---

[1]*See* Tex. R. App. P. 47.4.

interpretation services for his oil and gas business. Lesikar testified that he had asked Rickett to do the seismic interpretation and to give him a report on it.

In March 2007, Lesikar gave Rickett the seismic data for analysis. The following August, after performing a computer analysis and having phone discussions with Lesikar, Rickett tried to meet with Lesikar to provide an oral report of his findings. At that time, according to Rickett, Lesikar told him that he would select a drilling site within ninety days. Unable to obtain a meeting with Lesikar, Rickett delivered his final work product materials—twenty-seven contour maps and six seismic lines, but no written report[2]—to Lesikar's secretary on July 18, 2008, and received a receipt confirming delivery. Lesikar testified that he could not read a seismic map, was not an expert at seismic interpretation, and depended on experts to interpret seismic data. He stated that he received no benefit or use from the materials.

Rickett sued Lesikar under two alternate theories—suit on open account and quantum meruit—seeking $3,146.45 for services rendered.[3] After a bench trial, the trial court issued the following findings of fact pertinent to this appeal:

> 6. [Rickett's] testimony was not credible as to the amount of time spent, the services rendered, or whether a complete written seismic report was required.

---

[2]Rickett denied agreeing to a written report, indicating that his standard practice was to provide an oral report, and he testified that he told Lesikar that there would be an additional cost for a written report. Lesikar never received a report, written or oral.

[3]Rickett does not appeal on his open account claim.

7. The parties agreed in December 2005 that [Rickett] would provide a complete written seismic interpretation in a timely manner.

8. [Rickett] did not complete the seismic interpretation until June of 2007.

9. [Rickett] did not deliver the complete written seismic interpretation until July 2008, a year after he completed [it] and two and a half years after the parties' initial meeting.

10. Delivery of the complete written seismic interpretation was not timely.

11. [Lesikar] did not accept or use the work of [Rickett].

The trial court issued the following conclusions of law pertinent to this appeal.

4. In order to prove an action on quantum meruit, a party must prove that it provided valuable services or materials; that the services were provided for the defendant; that defendant accepted the services; and that the defendant had reasonable notice that the plaintiff expected compensation for the services or material.

5. [Rickett] did not carry his burden under any theory and is not entitled to recover.

### III. Legal Sufficiency

In four issues, Rickett complains that the trial court erred by (1) "failing to find that Rickett provided valuable services to Lesikar," (2) "failing to find that the services of Rickett were provided to Lesikar," (3) "failing to find that Lesikar accepted the services from Rickett," and (4) "failing to find that Lesikar had reasonable notice that Rickett expected compensation for the services rendered." We construe his issues as challenges to the legal sufficiency of the evidence to

3

support the findings upon which the trial court based its conclusion that Rickett did not carry his burden on his quantum meruit challenge.

## A. Standard of Review

Findings of fact entered in a case tried to the court have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex. 1996); *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex. 1994).

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228

S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). If a party is attacking the legal sufficiency of an adverse finding on an issue on which the party had the burden of proof, and there is no evidence to support the finding, we review all the evidence to determine whether the contrary proposition is established as a matter of law. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989).

"In a bench trial, the trial court is the sole judge of the credibility of the witnesses, assigns the weight to be given their testimony, may accept or reject all or any part of their testimony, and resolves any conflicts or inconsistencies in the testimony." *Liberty Mut. Ins. Co. v. Burk*, 295 S.W.3d 771, 777 (Tex. App.—Fort Worth 2009, no pet.) (quoting *Rich v. Olah*, 274 S.W.3d 878, 884 (Tex. App.—Dallas 2008, no pet.). As a reviewing court, "we may not pass upon the credibility of the witnesses or substitute our judgment for that of the trier of fact, even if a different answer could be reached upon review of the evidence." *Id.*

Conclusions of law may not be challenged for factual sufficiency, but they may be reviewed to determine their correctness based upon the facts. *AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 519 (Tex. App.—Fort Worth 2009, no pet.) (op. on reh'g); *Dominey v. Unknown Heirs & Legal Representatives of Lokomski*, 172 S.W.3d 67, 71 (Tex. App.—Fort Worth 2005, no pet.).

**B. Quantum Meruit**

In his third issue, Rickett argues that the trial court erred by failing to find that Lesikar accepted Rickett's services. Rickett complains that there is no evidence that Lesikar "ever refused or questioned in any manner the services of Rickett during the period these services were provided," and that there is "no evidence to indicate a rejection of Rickett's services by Lesikar."

This court has previously stated,

> Quantum meruit is an equitable remedy which does not arise out of a contract but is independent of it. Generally, a party may recover under quantum meruit only when no express contract covering the services or materials furnished exists. This remedy "is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." Recovery in quantum meruit is available when nonpayment for the services rendered would "result in an unjust enrichment to the party benefitted by the work." To recover under quantum meruit a claimant must prove that: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.

*Residential Dynamics, LLC v. Loveless*, 186 S.W.3d 192, 198–99 (Tex. App.— Fort Worth 2006, no pet.) (internal citations omitted)).

Rickett and Lesikar were the only witnesses at trial. Rickett testified that Lesikar's secretary received the work from him but that he was never able to give Lesikar his oral report.[4] Lesikar stated that he depended on experts for seismic

---

[4]Rickett testified that none of his clients had ever asked for a written report, that in his ten years as a consultant he had always given his clients oral reports, and that at the parties' initial meeting in December 2005, "the word 'written' report was never used." He added that when he spoke with Lesikar on the

information reading, that he did not know how to read Rickett's maps, that they confused him, and that he did not get any benefit or use from them.

In fact finding number 6, the trial court found that Rickett's testimony was not credible as to the services rendered, as it was entitled to do. *See Liberty Mut. Ins. Co.*, 295 S.W.3d at 777. And in fact finding number 11, the trial court found that Lesikar did not accept or use Rickett's work. Fact finding number 11 is supported by Lesikar's testimony set out above, as well as Rickett's admission that Lesikar never designated a drilling location—the reason Lesikar sought Rickett's services.

As stated above, the requirement is that the "services and materials were *accepted* by the person sought to be charged, *used and enjoyed by him*." *Residential Dynamics,* 186 S.W.3d at 198–99 (emphasis added). There was sufficient evidence in the record for the trial court to find that Rickett's testimony was less credible than Lesikar's with regard to the services Rickett rendered, and for it to determine whether the services were valuable to Lesikar and whether Lesikar accepted or used them.[5] *See id.*; *see also Carr v. Austin Forty*, 744

_____

phone, Lesikar "mentioned something about a written report." Rickett stated that he told Lesikar, "If you can agree to pay me, then I'll—the written report is really no big deal. I'll just write you a report; I'll be glad to do that. It's no problem." Lesikar never received any report, oral or written, from Rickett.

[5]Rickett testified that the maps' color coding was arbitrary and there just to help the reader visualize the highs and lows of the terrain. That is, on one map, yellow could represent a certain contour that it might not represent on the next

S.W.2d 267, 272–73 (Tex. App.—Austin 1987, writ denied) ("To prevail on a quantum meruit claim, the plaintiff must establish that the services were valuable from the perspective of the defendant."). Therefore, we overrule Rickett's third issue and hold that the trial court did not err by determining that he failed to prove his quantum meruit claim. Because of our disposition of this issue, we need not address Rickett's remaining issues. *See* Tex. R. App. P. 47.1.

## IV. Conclusion

Having overruled Rickett's dispositive issue, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL: LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DELIVERED: October 14, 2010

---

map. Rickett stated that he offered many times to meet with Lesikar and assist him in interpreting the data but that Lesikar would not call him back.